The opinion of the court was delivered by
Rogers, J.
The 21st of November, 1814, Jacob Lichtenberger gave a bond for three hundred and fifty dollars to George Rudy, which George Rudy assigned for a valuable consideration, to Frederick Day.
This is an action of covenant brought by the administrators of Frederick Day, on this assignment. The assignment is in the words following:—
May 20th 1814. — “Knoiv all men by these presents, that for a valuable consideration to me in hand paid, I do hereby assign all my right, title, interest, and claim of the within bond, to Frederick Day, which bond, I.stand security to the said Day for the payment of, as witness my hand and seal,” &c.
*81 The breach assigned in the declaration is, that the said George did covenant and agree with the said Frederick, that in case the said Jacob should neglect and fail to pay the said sum of money due on the said bond, that he the said George would pay the same. The declaration, also, contains an averment of the nonpayment of the money, and of the insolvency of Jacob Lichtenberger.
The question to be determined is, what is the character of the writing declared on? Is it an absolute engagement on the part- of Rudy, that if Lichtenberger neglect or fail to pay the money in a reasonable time, that he will pay it for him, or is it a conditional engagement to pay the money on the insolvency of Lichtenberger? It may be remarked that the latter seems to be the construction of the plaintiffs, otherwise the averment of the insolvency of Lichtenberger in the declaration was wholly unnecessary.
After consideration, I have no doubt of the legal construction of the assignment. It is an engagement to pay the money, on the insolvency of Lichtenberger, provided Day uses ordinary diligence for its collection. If Day has been guilty of gross negligence, or has not used due diligence, and in consequence the money has been lost, it would clearly be a discharge of Rudy. The assignment amounts to a guarantee, that if Lichtenberger became insolvent, ánd Day used due and ordinary diligence, then he would pay the amount of the money with its interest.
It does not, in my apprehension, come within the scope of the eases of principal and surety, nor can I perceive a shadow of reason for considering Rudy as a principal debtor, and liable in the first instance to Day. Rudy sold Day the bond, and warranted the recovery of the money if due diligence was used. And this position is rather sustained than weakened by the case of Hunt’s Administrators v. Adams, cited by the defendants in error. The Chief Justice says, “if the note had been made by Chaplin, and delivered to Bennet, the intestate, and afterwards the defendant had been induced to guaranty the payment, it would have been necessary to consider the defendant’s objection.” 5 Mass. R. 361, 362.
It appears from the evidence, that Lichtenberger is now insolvent, but when he became so, does not appear; that Day refused to push him, although repeatedly requested to do so, and at the same time stated, “ If you wish Lichtenberger pushed, come to my house, pay me the money, and 1 will give you the bond, and you may push him yourself. ”
This was founded on the idea, attempted to be sustained here, that Rudy was absolutely bound to Day, which it appears to me most apparent that he was not. It was the duty of Day to push Rudy in a reasonable time, and with reasonable diligence. If any loss accrued by neglect, it should be borne by Day and not by *82 Rudy. He had no right to require Rudy to pay him in the first instance.
It is unnecessary for the court to examine the evidence particularly. It is sufficient if it be laid down, that due diligence to recover the money from the obligor, must be used; and 'what is due diligence, must always be a part of the determination of a jury upon the whole evidence submitted to them.
This was the rule adopted in Virginia, on the covenant implied from the word assigned, which I consider as in point on the express covenant here. Mackie’s Executors v. Davis, 2 Wash. R. 226, since recognized and adopted by Judge Roan, in the case of Berksdale v. Fenwick, 2 Hen. & Munf. 113, Note.
Judgment, reversed, and a venire facias de novo awarded.