## JOHNSTON against CHAPMAN.

An assignment and guarantee of a bond is an engagement of the assignor to pay the
money, on the insolvency of the obligor ; provided the assignee use due diligence
to obtain payment from the obligor.

What is the due diligence which is required, is a matter of fact for the determination
of the jury.

An assignee cannot maintain an action on the covenant of guarantee, against the as-
signor, upon proof alone of a demand of payment upon the obligor. He must
prove the insolvency of the obligor, and that he used due diligence to collect the
money from him.

Whether the assignment was made before or after the bond became due, makes no
difference : that principle is only applicable to the indorsement of negotiable pa-
per.

WRIT of error to the Common Pleas of *Indiana* county.

*Peter Yarnell* executed a single bill by which he promised to
pay *Thomas Johnston*, on the first of December, one thousand
eight hundred and twenty-nine, two hundred barrels of salt. The
payment of which, together with other single bills, was secured by
a mortgage on a tract of land. *Thomas Johnston* on the twenty-
first of July, one thousand eight hundred and twenty-eight, made
the following assignment of this single bill to *Thomas Chapman*,
the plaintiff below : "I do hereby assign and guarantee the pay-
ment of the within bond to *Thomas Chapman*, his heirs or legal
representatives for value received." *Yarnell* did not reside in
Pennsylvania, but *Chapman* made a demand of the salt of the per-
son who represented the obligor at the time and place when, by
the agreement of the parties, it was made payable. Payment hav-
ing been refused, this action on the case was brought by *Chap-
man* against *Johnston* on the guarantee.

The defendant requested the court below to charge the jury ;—
"That the plaintiff could not recover, he never having attempted
to enforce the collection of the single bill from *Peter Yarnell ;*"
and "That the assignment of the single bill to the plaintiff was an
assignment, *pro tanto*, of the mortgage, which secured its pay-
ment ; and if the jury believed the mortgaged premises were am-
ple security for the payment of the single bill, the plaintiff could
not recover."

The court answered both these propositions in the negative ; and
instructed the jury, that the plaintiff was entitled to recover, upon
the evidence which he had given.

The same question was argued in this court by

*White* for the plaintiff in error.

An assignment and guarantee of a bond, is an implied underta-
king by the assignor, that it is good and recoverable and the accept-
ance thereof by the assignee, is an implied engagement on his part
that he will use due diligence to enforce the payment by the obli-
gor : and such is the legal construction of the contract. *Philip* v-

(Johnston *v.* Chapman.)

*Aston,* 2 *Taun.* 206. *Overton* v. *Tracey,* 14 *Serg. & Rawle,* 327. *Gibbs* v. *Cannon,* 9 *Serg. & Rawle,* 202. *Harwood* v. *Ramsey,* 15 *Serg. & Rawle,* 34. *Moakly* v. *Riggs,* 19 *Johns.* 71. *Reed* v. *Garwin,* 12 *Serg. & Rawle,* 100.

If we are right in this position, then the plaintiff cannot recover, for the proof was that the mortgaged premises were abundantly sufficient to pay the single bill. That the assignment of the single bill was an assignment *pro tanto* of the mortgage, were cited *Green* v. *Hart,* 1 *Johns.* 590. *Mersereau* v. *Runyan,* 11 *John.* 538. *Wentz* v. *Dehaven,* 1 *Serg. & Rawle,* 317. *McCall* v. *Lenox,* 9 *Serg. & Rawle,* 312. *Betz & Hebner,* 1 *Penna. Rep.* 280.

*Foster* for defendant in error.

The contract of the obligor in a bond is, that he will pay on or before a certain time, to the obligee ; the contract of the assignor is that the obligation is good and the terms of it will be observed. A failure to pay on or before the time, is a breach of the contract of the obligor, and of course the assignor also. If, therefore, there is a breach of the engagement by the assignor, a right of action accrues. It is not necessary to sue the debtor in order to establish a right of action against the assignor. 3 *Wheat.* 154. *Bank of New York* v. *Livingston,* 2 *Johns. Ca.* 409. *Harwood* v. *Ramsey,* 15 *Serg. & Rawle,* 33, 34. *Folwell* v. *Beaver,* 13 *Serg. & Rawle,* 311. Why construe a contract, absolute in its terms, to mean one conditional in its effect ? Why " make the word of promise to the ear, and break it to our hope ?" An absolute guarantee is different from a promise to pay, *if another does not. Coxe's Dig.* 729, *No.* 19.

The opinion of the court was delivered by

ROGERS, J.—If an obligor on assigning a bond, enter into a covenant with the assignee, to stand surety for its payment, this is an engagement to pay the money, on the insolvency of the obligor, provided the assignee use due diligence to obtain payment from the obligor. There is no distinction between the case referred to, *Rudy* v. *Wolf,* 16 *Serg. & Rawle,* 79, and the present, except in the phraseology of the agreeement, and this can make no essential difference. The legal import of the term " guarantee" is a promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person, who in the first instance is liable. 3 *Kent's Com.* 85. In *Rudy* v. *Wolf* the same rule was applied to an express covenant, as had been adopted in Virginia, on the covenant implied from the assignment.

In 2 *Wash.* 266 ; 2 *Hen. & Mun.* 119, and in *Rudy* v. *Wolf,* 16 *Serg. & Rawle,* 79, it was settled, that due diligence to recover the money from the obligor must be used, and that what is due diligence, is a fact for the decision of the jury, on the whole evidence

submitted to them.   In a cause like the present, two things are in-
dispensable to the maintenance of the suit.   The plaintiff must
prove, first, the insolvency of the obligor, and, secondly, that he
used due diligence to obtain payment from him.   Was there evi-
dence either that *Yarnell* was insolvent, or that the necessary dil-
igence had been used to collect the debt ?   I have looked through
the testimony in vain for proof of these essential pre-requisites to
the maintenance of the plaintiff's action.   A demand of payment,
alone, is not sufficient.   It must be followed up with proof from
which the jury can reasonably infer the insolvency of the obligor,
and that the requisite attention has been paid to the collection of
the debt.   Besides, here a mortgage was given as a collateral secu-
rity ; and to this fund the plaintiff might have resorted, on the re-
fusal to deliver the salt according to contract.   An ejectment on
the mortgage would be a most efficacious mode of compelling pay-
ment, as it is in proof, that the mortgaged premises are of a value
amply sufficient to cover the whole demand.   Had suit been brought
against *Yarnell*, or some proceedings instituted on the mort-
gage, *non constat*, but that the assignee would have had ample re-
dress for the breach of the covenant.   We think this rule a neces-
sary one ; as otherwise assignees would be careless when no doubts
were entertained of the solvency of the assignor.

. The court of Common Pleas ruled this case on the ground that
there is an absolute agreement to pay on the refusal to deliver the
salt.   In this we conceive there was error.   It was a conditional
and not an absolute engagement.

I at one time doubted whether the fact that the assignment was
executed before the day of payment, 'made a distinction : on re-
flection I am convinced it does not.   After a careful search into
the authorities, I have found no ease, except in that of negotiable
paper, where any distinction has been taken, whether the assign-
ment was made before or after the time fixed for payment.   In ci-
ther case the assignor is liable on the assignment, only when the
obligée is insolvent, and due diligence has been used by the assignee
to enforce payment.   What is evidence of the insolvency of the
obligor, it is unnecessary to decide.   We are, however, of the
opinion that a demand of payment and a refusal to pay, is not such
evidence, although coupled with the fact of the non-residence of the
obligor; particularly when a mortgage has been given as collateral
security.

Judgment reversed and a *venire de novo* awarded.