### EDDY & AMES *vs.* STANTONS.

Where a note against a third person is sold and transferred, and the transferor engages to *repay* the sum paid for the note by the transferee, in case the same cannot be collected of the maker *by due course of law,* it is no excuse for a neglect to attempt the collection, that the maker of the note was *insolvent,* where by the terms of the agreement the transferor is bound to pay the costs of any attempt to collect.

Nor is it *any excuse* for not attempting the collection, that *thirty-one months* after the transfer, the transferor gave notice to the transferee that he would not be liable for costs which might he incurred in any attempt to collect the note, it being past maturity at the time of the transfer ; the transferee in such case being chargeable with *laches.*

Even a *release* to prosecute given at so late a day, will not help the transferee.

A plea, to *a count for money had and received* laying the indebtedness at $800, that the money thus alleged to be received was paid by the plaintiff to the defendant as the consideration of a note of $512 39, transferred by the latter to the former, is not a good answer to the count where no *fraud* is alleged, where the transaction is not alleged to have been *usurious,* and where, by the terms of the contract, the defendants assumed the hazard of the expense of collection.

Where there are issues of law and of fact, and the plaintiff proceeds to the trial of the issues of fact before disposing of the issues of law, and the issues of fact are found against him, and the issues of law are also subsequently decided against him, *leave to amend* will not be granted to him.

DEMURRER to declaration, &c. The plaintiffs declared in assumpsit, than on 22d July, 1833, the defendants for the

consideration of $587 60 paid to them, sold and transferred to the plaintiffs a note made by one *Daniel Simmons*, dated 15th December, 1832, for 582 39, payable six months after date to the order of the defendants ; and that the defendants agreed in case the plaintiffs could not *set-off* the note in payment of any balance that might be due from them to *Simmons* on settlement of their accounts with him, or collect the same in *some other way* or *due course of law*, that they would repay to the plaintiffs the said sum of $587 60, and the interest thereof from 22d July, 1833, *and also* all costs which the plaintiffs should pay or be liable to pay by reason of any prosecution of the note, or attempt to set-off the same. The plaintiffs then aver, that on 1st September, 1833, and at divers times since, they attempted and made all the efforts in their power to set-off the note in the payment of a balance due to Simmons, and to collect the same in some other way, but were unable so to do ; and thus failing to set off or collect the note, they were desirous to prosecute Simmons, and to collect the same by due course of law, and would have done so, but that at the time of the transfer of the note to them, at all times thereafter, and at the time of declaring, Simmons was *insolvent*, and entirely unable to pay the note or any part thereof, whereof the defendants had notice. By means whereof the defendants became liable to pay, &c. ; and being liable promised to pay, &c. The *second* count is similar to the first, except that it contains an additional averment that on the 18th February, 1836, the defendants *released* and discharged the plaintiffs from the obligation, if any they were under, to prosecute Simmons upon the note, to collect the same *by due course of law*, and that the defendants then and there refused to pay or become liable to pay, any expenses upon any suit which the plaintiffs should prosecute against Simmons upon the note transferred to them. By means, &c., the defendants became liable, &c. The declaration also contained a *third* count for money lent, *money had and received*, &c., laying the indebtedness at $800.

The defendants *demurred* to the *first* and *second* counts, and to the *third* count pleaded : 1. *Non-assumpsit;* 2. That

the plaintiffs ought not to have or maintain their action, because the money in the third count mentioned was paid to the defendants by the plaintiffs for a note of $582 39, setting forth the note described in the first count of the declaration, wherefore they pray judgment, &c. ; and, 3. They put in a plea like the *second*, except that the terms upon which the note was transferred are set forth, and it is then averred that on 1st January, 1836, the plaintiffs did set-off the note against a demand which Simmons had against them, concluding with a verification, and prayer of judgment.

To the *second* plea, the plaintiffs replied, admitting that they paid a large sum of money for the note of Simmons, here stated at $587 60, and then, after setting forth the terms of the transfer of the note as already repeatedly stated, aver that on 1st January, 1836, they attempted to effect a settlement of accounts with Simmons, but were unable to do so ; that at the time of the transfer of the note to them Simmons was insolvent, and had so remained ever since ; that on 18th February, 1836, the defendants gave notice to the plaintiffs that they would not pay any expense of any suit against Simmons, or any costs which should be made in attempting to collect the note, and required the plaintiffs to abstain from the commencement of any suit or proceeding for the collection of the note, and this, &c. wherefore, &c. To the *third* plea there was a similar replication. The defendants demurred to the replications.

*S. Stevens*, for the defendants.

*J. Holmes*, for the plaintiffs.

*By the Court*, Cowen, J. The special counts in the declaration and the replications all set up substantially the same ground of action. The defendants cannot be made liable till the three conditions precedent are shown to be fulfilled or executed. *Taylor* v. *Otis & Bullen*, 6 Cowen, 624. *Cumpston* v. *McNair*, 1 Wendell, 457. If the plaintiffs could collect the note by *setting it off* against what they

owed Simmons, or by *voluntary payment* by him, or by *due course of law*, they have no claim. It was incumbent on them to use due diligence in the pursuit of all these methods before they could resort to the defendants. On Simmons refusing to pay or set off, he was compellable *by suit*, which the plaintiffs were bound to show they had brought in due season, and failed without any fault of their own. *Moakley* v. *Riggs*, 19 Johns. R. 69. *Kies* v. *Tifft*, 1 Cowen, 98. *Thomas* v. *Woods*, 4 id. 173. This they should have shown, with times and other particulars, such as the law would recognize as due diligence. In that they have altogether failed.

No adequate excuse for the failure is shown. The *insolvency* of Simmons was no excuse, *Moakley* v. *Riggs*, 19 Johns. R. 71, 2, especially in a case like this, of set-off, and wherein the defendants had agreed to bear the expense. *Thomas* v. *Woods*, 4 Cowen, 173. *Taylor* v. *Bullen*, 6 id. 624. The case of *Morris* v. *Wadsworth*, 11 Wendell, 100, does not apply; the defendants could not escape the stipulated expense by the refusal to pay it, according to the agreement; nor would such a refusal and a prohibition to prosecute, work a rescission of the contract, and this especially so late as 1836.

The releasing of the plaintiffs from all obligation to prosecute was a *non sequitur*. It did not *per se* make the defendants liable, even admitting that it had been the day after the note was sold. It might well dispense with one of the conditions in such case, viz. a prosecution by the plaintiffs; but they might still have had ample means of set-off by way of defence against a suit by summons. The want of such means without their own fault is not shown. It is merely said they were unable to set off; but *that* might have been by their own fault. It is sufficient, however, to say that the conditions were all gone by *laches*, for aught that appears, before the release was given. Indeed, taking the dates given by the plaintiffs, *laches* appear affirmatively on their own showing.

The plaintiffs' counsel, however, insists that the pleas are bad in substance. They are undoubtedly so in *form*, as

Eddy v. Stanton.

amounting to the general issue; but that is an objection which should have been raised by special demurrer. It is supposed that the balance of the $800, beyond the face of the note, appears by the second plea to be recoverable under the money counts as money had and received, inasmuch as it was unconscientious to receive $800 for $587 60. That we cannot infer. The note might have been a very valuable purchase to the plaintiffs, and worth much more than its face. They are averred voluntarily to have agreed to pay that sum, and nothing unconscientious appears or is to be implied. If there was any such thing, it should have been shown by the replication. Neither ignorance nor mistake nor fraud is to be implied. The payment of such a balance would come nearest to *usury*, and for an excess usuriously paid, an action for money had and received would lie; but here is no loan, no forbearance shown; and if a man will give $800 for $500, voluntarily, there is no principle on which it can be recovered back. It is valid as a gift. It may be added, that the defendants here undertook for expenses which might have been very considerable, and might call perhaps eventually, for a payment of more than the face of the note.

It is insisted that the third plea is bad, because it answers as to only part of the $800 of the third count. It alleges that the plaintiffs paid the $800 as in the second plea, but adds that in consideration of $587 60 paid for the note, the defendants agreed as in that plea set forth. There may not be enough in the additional matter to cover the whole $800 in the third count; but, for aught I see, the previous matter is as full as the second plea. Rejecting the special addition, as I think we may, the plea is then valid in substance; and however it may fail in form, there is no special demurrer to reach the defect.

There must be judgment for the defendants on all the demurrers, without leave to the plaintiffs to amend; the cause having been tried on a plea of non-assumpsit, and a verdict rendered for the defendants. *Hallett v. Holmes*, 18 Johns R. 28, 30. *Cleveland v. Rogers*, 6 Wendell, 438.

Judgment accordingly.