　　　　CASES IN THE SUPREME COURT

CHITTENDEN,
January,
1840.

Beach
v.
Bates.

JOHN S. BEACH v. LUTHER M. BATES.

When, by the terms of a special guaranty of a note, the purchaser is bound to sue and collect the note with due diligence, and he commences a suit thereon ; if the suit fails on account of defective service by a person especially authorised, the guarantor is discharged.

THIS was an action of assumpsit on a warranty, that a certain note, sold by the defendant to the plaintiff and made by one Benjamin Parker, was due and collectable. Plea, non-assumpsit and trial by jury.

Upon the trial in the county court, the plaintiff, to support the issue on his part, offered evidence tending to prove that about the 15th of October, 1837, the defendant was indebted to him in about $85,00, that on said day his agent called on defendant for payment and by an arrangement between them, the plaintiff's agent received the note in question in satisfaction of the debt, the defendant endorsing the note sold, which was then due and payable, and authorizing the agent to fill up the endorsement with the following words :— " *I warrant the within note due and collectable,*" and that it was further agreed, at the time of the endorsement, if the maker did not pay it in a short time, the plaintiff was to sue the note and attach Parker's property. The plaintiff further introduced evidence tending to prove that, soon after, he commenced a suit on said note, and that the suit so commenced was abated ;—that immediately after the abatement of that suit, he sued said Parker again on said note, obtained judgment against him and committed him to jail ; that Parker swore out and that the note still remained unpaid and that, at the time of the service of the writ in the latter suit, the defendant had no attachable property.

The defendant, to support the issue on his part, offered evidence tending to prove that four or five days after the sale of said note, the plaintiff sued Parker on said note and attached sufficient personal property, belonging to said Parker to secure the note ; that the suit so commenced was abated for the reason that the person who served the writ, who was a deputized person, was interested in the note at the time of the service of the said writ.

To rebut this showing, the plaintiff offered evidence tending to show that Bates, the defendant, was used as a wit-

ness on the trial of the suit so abated, to show the interest of <span style="float:right">CHITTENDEN,<br>*January*,<br>1840.</span> the person who served said writ; which evidence was reject- ed by the court as immaterial. The plaintiff further offered evidence tending to show, that his agent S. S. Beach and his attorney, Scott, on their way to serve said writ on Parker, call- ed on defendant and informed him that they had taken out a writ and were about to attach property on the writ, and that defendant inquired why they did not employ the proper of- ficer to execute the writ, when Scott, the attorney, replied that the deputized person would answer equally as well.

Beach
*v.*
Bates.

On this evidence the plaintiff insisted that he was entitled to recover, and requested the court to charge the jury, that if they found the defendant was aware of the mode of service the plaintiff had adopted, before the writ was executed, and did not expressly dissent or forbid the execution of the writ by such deputized person, the plaintiff was entitled to recov- er, though the collection of the note had failed through such service. But the court refused so to charge the jury, and, among other things, did charge them, that if they found that the writ was issued and the person, selected to serve it in the first instance, was selected by the plaintiff or his agents, without the knowledge, advice or direction of the defendant, and the collection of the note failed through such defective service, the plaintiff was not entitled to recover, though the defendant might have been aware, before said writ was exe- cuted, of the mode of service the plaintiff intended, and did not expressly dissent from or forbid the same.

The jury returned a verdict for the defendant. To the re- jection of the evidence, the refusal to charge as requested, and to the charge as given, the defendant excepted.

*C. Adams* for plaintiff.

I. It will be seen that the warrantor did not require the plaintiff to be at the trouble of attaching property. It would have been a performance of the contract on his part to have issued the writ in common form and let the officer serve it in his own way. But the case states that it was agreed at the time of the sale of the note, that if not paid in a few days, the plaintiff was to sue it and attach property.

This is true; but it was no part of the sale and warranty, and was an undertaking by the plaintiff, for the sole benefit of the defendant, and in the execution of which he acted as

CHITTENDEN, the defendant's agent. Hence, when proceeding to make the attachment, the attorney called on the defendant for the apparent purpose of taking his directions, and the exceptions are full to the point that the defendant was informed as to the mode contemplated, and, as we insist, assented to it. It is certain he made no objection, and if we are correct in our view that in this matter the plaintiff acted as the agent of the defendant, if he did not object to the mode, he must be regarded as asenting to it.

II. But there is another view of the matter. The service was defeated by the interference of the defendant. From the case, it must be considered as proved, that the suit was defeated by the defendant's testimony. How he came to be a witness, is a mystery that can be best explained out of court. All that we can be allowed to say here, is, that he could not be compelled to testify, and, therefore, is a volunteer.

If the case is to be put on the ground that the plaintiff adopted his own mode of service, and that the defendant did assent to it, it is equally clear that plaintiff should have been permitted to pursue his own mode without any interference by the defendant.

If the defendant has, in any way, been instrumental in defeating the service, he is responsible for the failure. It matters not that it was done by his testimony, in court, if his testimony was voluntary.

It seems, at least, to have been effectual, and he must be held responsible for the failure.

*Maeck & Smalley* for defendant.

The undertaking of the defendant on the sale of the note was precisely similar to that of the defendant in the case of *Foster* v. *Barney*, 3 Vt. R. 60. On the authority of that case, the plaintiff could not resort to the defendant until he had attempted to collect the note of the maker and failed; and if the collection of the note failed through the fault of the plaintiff, he cannot collect the note of the defendant at all.

The case shows that, after the note was transferred to plaintiff, Parker was abundantly able to pay it, that property more than sufficient to pay it was attached on the first writ, and this suit failed because the officer who executed the

writ was interested and imcompetent to execute it. To
avoid this objection, the plaintiff, offered testimony tending
to prove that defendant was used as a witness on a former
trial to show the interest of the officer who executed the
writ, and this evidence was rejected by the court as imma-
terial. We contend it was rightly rejected. It had nothing
to do with the case. If the officer was interested in the
note and therefore incompetent to execute the writ, and that
fact was within the knowledge of Bates, he was bound to
testify, as he was not interested in the decision, for, let the
case be decided either way, it would not increase or dimin-
ish his liability, and the fact he swore to, as stated in the re-
cord, would give no cause of action against him. *Bostwick
v. Lewis*, 2 Day's Cas. 447.

While the note was in the plaintiff's hands he had the
right of taking such steps against the maker, to secure it, as
he saw fit; only if his course was injurious to the defendant,
and the debt was lost in consequence of the course taken, he
would lose his claim upon the defendant as endorser.

It appears from the inquiry put by the defendant to the
agent and attorney of the plaintiff, when they were proceed-
ing to have the writ served, that the defendant objected to
the service being made by any other than a proper officer.
The defendant could not control the plaintiff, in this respect,
and the loss of the debt, having been caused by the plaintiff's
employing an improper person to serve the writ, should fall
upon the plaintiff.

The opinion of the court was delivered by

WILLIAMS CH. J.—The terms of the warranty, according
to the authority of *Foster* v. *Barney*, imposed on the plain-
tiff the duty of commencing a suit on the note and pursuing
it to judgment, without any unreasonable delay. If, after
commencing the suit, it should fail, i. e. prove ineffectual,
from the fault or omission or neglect of the party, and there-
by the debt should be lost, the loss should fall on the party
in fault. Such was the decision of the court in the case of
*Wheeler* v. *Lewis*, 11 Vt. R. 265. Whether the plain-
tiff was under obligation to attach property is, in a mea-
sure, immaterial, though such was the understanding of the
parties and the direction of the defendant. The plaintiff did
attach property sufficient to satisfy the debt and failed to

collect the note on account of the defective service of the writ. The loss, therefore, should be his. It is of no importance that the defendant was a witness in the trial of the case. If he was called upon and testified truly, he did what he ought to have done. Neither can it relieve the plaintiff that the defendant was apprised of the mode in which service was to be made before the writ was served or returned. The suit was to be brought and controlled by the plaintiff, and it appears that the defendant did inquire why a proper officer was not employed to serve the writ, and was informed by the attorney for the plaintiff that a deputized person would answer just as well.

Judgment affirmed.