## Case No. 4,218.
DWIGHT v. WILLIAMS.

[4 McLean, 581.][1]

Circuit Court, D. Michigan. June Term, 1849.

Joy & Porter, for plaintiff.
Mr. Frazer, for defendant.

OPINION OF THE COURT. This suit is brought on a bond in the nature of a guaranty, in which the defendant covenanted to pay whatever should remain uncollected of a debt due by Lawrence to the Bank of the River Raisen, of $1190, and interest thereon, from the 1st May, 1840; for the payment of which a bond and mortgage had been executed to the bank—which debt was assigned to the defendant, and by him to the plaintiff, "when he, the plaintiff, should by a due course of law have been unable to collect the said amount and interest." The defendant by this agreed to pay only the part of said indebtment, which could not be collected by a due course of law. The due course of law was therefore to be used before the defendant became liable, under this covenant to pay any balance of the debt which remained.

In the declaration it is averred that there was a prosecution on the mortgage, and the mortgage property sold, and that there still remained a debt due on the bond and mortgage of the sum of fourteen hundred and ninety-nine dollars and sixty-nine cents, above demanded, and the plaintiff avers that the same sum remains due, and that by due course of law he has been unable to collect the sum or any part thereof, and that due course of law has been had for that purpose. And the plaintiff further avers, "that the said Wolcott Lawrence departed this life on or about the 29th of April, 1843, and that at his decease, and for a long time before that time, was and had been utterly insolvent; and that his estate was worthless to the creditors having claims against the same and utterly and wholly insolvent, and though long since closed up, paid no dividend to said creditors, and that claims against and debts were and have ever been worthless and good for nothing." The defendant demurred to the declaration.

The mortgage bond was due the 3d of August, 1840. A bond was executed by Lawrence on 3d August, 1839, the date of the mortgage, to the Bank of the River Raisen, as collateral. On the 7th August, 1840, the bank sold and transferred these securities to the defendant, who, on the 28th March, 1842, by a deed under his hand and seal, assigned and transferred them to the plaintiff. On the 20th of December, 1842, the plaintiff assigned these securities, and all the rights he derived under the assignment, to Sauverhill. Lawrence died the 29th of April, 1843, insolvent, and was so long before his decease. On the 18th November, 1843, Sauverhill filed the bill to foreclose the mortgage, on which he obtained a decree of sale the 17th March, 1846, and the property was sold on the 18th of June of that year. On the 28th of March, the time of the assignment of the mortgage to the plaintiff, the defendant, in the deed of assignment, covenanted, "that when he, the plaintiff, should by a due course of law have been unable to collect the said amount and interest, he the said defendant would pay to the said plaintiff, such an amount as might be necessary to make good any deficiency of principal and interest, remaining unpaid."

It is contended, 1. That no action can be maintained against the present defendant, admitting the facts set forth in the declaration to be true. The covenant is so clearly expressed that no one can mistake it. It is not an undertaking to pay absolutely, but conditionally. The defendant bound himself to pay whatever balance could not be collected of the debt of $1190, from Lawrence, the debtor, "after a due course of law" had been taken. The balance could not be ascertained until the due course of law had been taken, consequently, the due course of law was a condition precedent to the suit now brought. In Moakley v. Riggs, 19 Johns. 69, the defendant undertook that the note was good and collectible after due course of law; held, that the holder was bound to prosecute the indorser and maker, with due diligence, before he could resort to the defendant on his guaranty. A delay of seventeen months discharged the defendant. Betts v. Turner, 2 Caines' Cas. 306; Ten Eyck v. Tibbits, 1 Caines, 440. In Taylor v. Bullen, 6 Cow. 624, the defendant assigned a note to plaintiff, and promised him to warrant the collection of it, and to pay him all costs in all suits legally commenced for its recovery; held, that the commencement of a suit is a condition precedent to the enforcement of the promise. And that it is no excuse for not making the attempt that the maker died intestate, and no administration taken out on his estate. In Cumpston v. M'Nair, 1 Wend. 459, was a guaranty thus, "I guarantee the collection of the note." Held, that the guarantor was not liable until after the holder had endeavored to collect the money from the maker; and that it was equivalent to a guaranty, "that the note is collectible by due course of law." In White v. Case, 13 Wend. 543, in a similar case, the court held legal proceedings to be a condition precedent, "and that the parties must use all the remedies presented by law," "even an attachment if the parties remove." And in Eddy v. Stantons, 21 Wend. 255, the defendant assigned a third party note, and "agreed, in case the plaintiff could not set off the note in payment of any balance that might be due from them to the debtors, or collect the same in some other way, or due course of law, to pay the same and all costs." Held, that there were conditions precedent, and that in-

solvency of debtor was no excuse. In 12 Vt. 68, where a party warranted "note due and collectible," held, the holder was bound to sue, and use due diligence, and if the first failed, through defective service, that guarantor was discharged.

It is an acknowledged principle, that the terms of a guaranty must be strictly pursued to make the guarantor liable. Lord Ellenborough said, "the claim as against a surety is strectissimi juris, and it is incumbent on the plaintiff to show that the terms of the guaranty have been strictly complied with." 3 E. C. L. 404; 29 E. C. L. 210; 15 E. C. L. 514; 25 E. C. L. 413.

There is no averment in the declaration of a performance of the condition precedent, but an excuse, and we are now to inquire as to the sufficiency of the excuse. In a great number of authorities the law is thus declared: "The act of God or of the law can not vary the terms upon which the guarantor agreed to become liable. It is a part of the consideration which can not and should not be dispensed with." 13 Wend. 544; 3 Com. Dig. 96, 121; 2 Bac. Abr. 335; Chit. Cont. 334; 19 Ward, 500. "Where a right of action depends upon the performance of a condition precedent, performance can not be excused, unless it is dispensed with, or prevented by the opposite party, although it has become impossible." 12 Wend. 452; 6 Cow. 625; 19 Johns. 71; 6 Term R. 760. There is a distinction between the cases where the law creates a duty or charge, and the party is disabled to perform, without any default in him, and hath no remedy over —there the law will excuse him; but where the party by his own contract creates a duty or a charge, he is bound to make it good, notwithstanding any accident or inevitable casualty. Under this view, therefore, the alleged insolvency of Lawrence is insufficient. 19 E. C. L. 393 and note. Was it essential that the plaintiff should allege in his declaration the performance of the condition precedent? It was so, if the performance of the condition was necessary to establish his right to sue on the guaranty. It lays at the foundation of the action. 2 Bl. Comm. 157; Lewis v. Brewster [Case No. 8,318]. In his declaration, has the plaintiff shown due diligence? He received the transfer of the bond and mortgage, on the 28th of March, 1842. The mortgage money had then been due more than eighteen months. Suit was not brought on the mortgage until the 18th of Nov., 1843. One year and eight months elapsed from the time the plaintiff received the mortgage, before a step was taken to enforce it. Lawrence the mortgagor, died on the 29th of April, 1843, but suit was not brought in his life time, although he lived more than eleven months after the mortgage was in the hands of the plaintiff. And a decree for the sale of the mortgaged premises was not obtained until the 17th of March, 1846.

"A due course of law when applied to the prosecution of a demand in a court of record, confessedly means no more than a timely and regular proceeding to judgment and execution." 10 Wend. 635; 17 Bac. Abr. 111; Philips v. Astling, 2 Taunt. 206; 3 Pen. & W. 18; 16 Serg. & R. 79. Suppose the statute of the state had provided in all cases of guaranty the guarantor should be held liable, if by a due course of law against the debtor, nothing could be collected. Would any court say that a suit duly prosecuted could be dispensed with? Suppose the debtor was insolvent, could that dispense with a suit? The due course of law was a condition precedent, and to give the remedy against the guarantor, a suit was as essential where the debtor was insolvent as where he was not so. That condition of the debtor was not made an excuse in the law for not complying with the condition, and the courts could not by construction hold it as an excuse, as that would be to dispense with a positive law. The contract of the parties is not less binding than a legislative enactment, the contract makes the law between the parties, no excuse being provided for, none can be implied, unless that which arises from the act of the other party. He may dispense with the condition, or if he prevent the other party from performing, the law will excuse the performance. Nothing else can constitute an excuse. If, within a reasonable time, the plaintiff had brought suit against Lawrence, in his life time, no one can say what fruits might have been received by it. He may have been in possession of no property which he called his own, yet he may have had friends, or property covered which the law could reach. But it is enough to know, that suit was required by the contract, as a condition precedent, and that within a reasonable time after the contract. Suit on the mortgage was delayed eighteen months, and after suit brought three years transpired before a decree was obtained. This, it would seem, could not be the ordinary course of the law. And if there was any neglect, in this respect, the defendant would be absolved from liability under his contract. In 4 Cow. 103, it was held, that the plaintiff must not only issue a fi. fa., but also a ca. sa., and that it was no answer to say the original debtor was insolvent. A delay of two and a half months has been held fatal. In 1 Cow. 98, 5 Wend. 433, it was held that a term should not be suffered to pass without suing the original debtor, otherwise it would amount to laches.

On the part of the plaintiff it is contended that the instrument was not intended as a guaranty. In effect it certainly is a guaranty on conditions, and it is to be governed by principles of law applicable to such a case. But he insists if it be a guaranty, the inquiry is, what loss has the defendant sustained by the negligence charged? This is not the rule; as it is not within the con-

tract. On the contrary, it is opposed to it, as by the contract suit was to be brought. And it is argued that the plaintiff was not bound to adopt all the courses of the law. That a due course means a proper and just course to realize the debt. We suppose that the contract required the plaintiff to adopt any, and every, legal course of law, which was necessary to reach the property of Lawrence; and that nothing short of this can be considered a due course of law.

It is admitted that by Revised Statutes of Michigan, 376, 377, a suit at law upon the bond and mortgage can not be prosecuted while a bill of foreclosure is pending on the same mortgage. The declaration, in its averments, does not show any excuse for not proceeding against Lawrence in his life time, nor does it appear that he was insolvent from the time that the plaintiff received the mortgage until his death. The declaration alleges that "Lawrence, at the time of his decease, and for a long time before that time," was and had been insolvent. Now this averment is indefinite—"a long time before his decease." How is that to be measured, by days or months? The averment does not cover this period of time with the requisite certainty; and on this ground, independently of every other, the demurrer must be sustained.

Leave was given to amend the declaration.