PECK v. FRINK.

1. GUARANTY : NON-NEGOTIABLE NOTE. Where the payee of a non-negotiable promissory note transferred it with the following indorsement, "I guaranty the within note," it was held, that he was liable on the note without demand on the maker and notice of dishonor, and without reference to the question of detriment, or proof of due diligence in the institution and prosecution of a suit against the maker.

2. SAME: NEGOTIABLE NOTE. When the payee of a negotiable promissory note transferred it with the following indorsement, "I guaranty the *collection* of the within at maturity," it was held that to render him liable on the guaranty it must be shown that the note could not be collected of the maker.

3. SAME. *Semble*, that the guarantor of the *payment* of a promissory note, who is also the payee, is liable absolutely on his guarantee, upon the failure of the maker to pay it at maturity.

*Appeal from Buchanan District Court.*

SATURDAY, DECEMBER 17.

JOHN HILL made his two promissory notes to the defendant Frink. One of them was payable to Frink or bearer, and upon the back of it he wrote and signed the following: "I guaranty the collection of the within at maturity." The other note contained no words of negotiability and had on the back of it this indorsement: "I guaranty the within at maturity." To the petition there was a demurrer, for the reason that it did not show diligence to collect the note of the maker, nor excuse therefor, and that it did not aver notice of non-payment. This was overruled, and judgment being for plaintiff, defendant appeals.

*I. M. Preston* for the appellant cited the following authorities: Code of 1851 section 954; 9 John 120; Edwards B. & Prom. Notes 258 ; Bailey on Bills 293 ; 3 McCord 236 ; *Wilson* v. *Mullen,* 1 Cow. 38; 2 Seld. N. Y. 209; 3 Cow. 494.

WRIGHT, C. J.—The question made is, whether in this State, the undertaking of the payee, as shown in the statement, made him liable absolutely.

As to the second note, as it contains no words of negotiability, we are of the opinion that he is liable, without demand on the maker and notice of the dishonor, and without reference to the question of detriment, or proof of due diligence in the institution and prosecution of a suit against the maker. This view is sustained by the following cases: *Wilson* v. *Ralph et al.,* 3 Iowa 450; *Smyser* v. *Hawthorn & Long,* Ib. 266 ; *Hall* v. *Monohon,* 6 Ib. 216; *Peddicord & Wyman* v. *Whittam,* 9 Iowa 471.

As to the note containing negotiable words, we conclude that a different rule obtains.

Our statute fails to provide for a case precisely of this character. If a person *not* a payee, indorsee, or assignee, makes a blank indorsement of an instrument for the payment of money, property or labor, he is to be deemed a guarantor. To make him liable, he is entitled to notice of non-payment by the principal, unless it is shown that he, as such guarantor, has received no detriment from the want of it, or that due diligence has been used in the institution and prosecution of a suit against the maker.

In this case the guaranty (if such it is) is by the payee, and the language is that "I guaranty the *collection* of the within at maturity." Being payable to Frink or bearer, the note passed by delivery and these words were not necessary to transfer it to the plaintiff. If defendant is to be treated as an ordinary guarantor, then independent of statute, he was entitled to have the note presented for payment and to notice of the dishonor within a reasonable time, unless it should be shown that he had not sustained any loss or injury.

If he did, then he is exonerated *pro tanto* ; if not he is liable for the whole amount. Story on Pro. Notes, section 460, and the authorities cited in note 2.   And if the undertaking in this case was that he guarantied the *payment* of the note, we would not be prepared to say that he would not be liable absolutely, upon the principle affirmed or recognized in the following, among other cases : *Allen* v. *Rightmere*, 20 John. 365 ; *Heaton* v. *Hulbert*, 3 Scam. 489 ; *Hough* v. *Gray*, 19 Wend. 202 ; *Douglas* v. *Reynolds*, 7 Pet. 113 ; *Monrow* v. *Durham*, 3 Hill, 584.

The defendant's undertaking, however, is that he guarantees the *collection* of the note.   This we think places him in a different position from what he would occupy if he had guarantied the *payment*.   In the one case, where the guaranty is by the payee, of the *payment*, it is contemplated that the maker will meet his promise according to his undertaking, and if he does not the guarantor will be responsible for the default.   In the other, the payment by the maker is not all that is contemplated, or guarantied, but that the note can be collected of the principal by due legal proceedings and that if it can not, the guarantor will be responsible.   The guaranty of the collection, implies that something is to be done by the holder, towards enforcing the collection.   In *Hunt* v. *Brown*, 5 Hill 145 ; BRONSON, J., says, "This is a guaranty of *collection*, and I am not aware that such an undertaking has ever been deemed a promissory note."   And in 2 Am. Lead. Cases, 97, the editors after referring to the authorities where the guarantor, in a special instance, undertakes performance in case of default, by a third person, add : "On the other hand when the meaning of the guaranty is shown or assumed to be merely that the debt or contract guarantied is a good debt, and susceptible of collection; that the party in whose behalf the guaranty is given, will be able to meet his engagements when they fall due ; or that the person to whom the guaranty has been addressed will be safe, in the business sense of the term, in making the advances, or giving the credit to which it relates ; it is evident that there can be

no breach of contract until it is shown that at the point of time to which it related, the debt in question was insusceptible of collection, the party treated insolvent, or the creditor unable, by the use of ordinary business efforts, to obtain the payment of what had become due to him."

In *Loveland* v. *Shepard*, 2 Hill 139, where the undertaking was, "I guaranty the collection of the within note," it was decided that the holder must show a diligent attempt to collect both as against the indorser and maker, or he could not recover. And see *Dwight* v. *Williams*, 4 McLean 581. So in *Crampton* v. *McNair*, 1 Wend, 459, the guaranty was, "I guaranty the collection of the note," and it was held that the guarantor was not liable until after the holder had endeavored to collect the money from the maker, and that it was equivalent to a guaranty, "that the note is collectable by due course of law." And to the same effect are the following cases: *White* v. *Case*, 13 Wend. 543; *Curtis* v. *Smallman*, 14 Wend. 231; *Moakley* v. *Riggs*, 19 John. 69; *Sylvester* v. *Dunner*, 18 Verm. 32; *McDole* v. *Yeomans*, 8 Watts 361. Entertaining these views, it follows that as to so much of the petition as related to the note containing words of negotiability, the demurrer was well taken, and as to the other, not.

Judgment reversed and cause remanded, with directions to proceed in accordance with this opinion.