Dyer vs. Gibson.

## DYER VS. GIBSON.

The promise of one person, though in form to answer for the debt of another, if founded upon a new and sufficient consideration, moving from the creditor and promissee to the promissor, and beneficial to the latter, is not within the statute of frauds, and need not be in writing, subscribed by him, and expressing the consideration.

In an action upon such promise, if it is in writing and does not express the consideration therefor, the consideration may be shown by evidence *aliunde*.

Where the person making such promise has for his object a benefit accruing to himself, in which the original debtor has no interest, and from which he derives no advantage, there the promise need not be in writing, subscribed by him expressing the consideration; otherwise, where his primary object is to become surety for the debt of another, without benefit to himself, but for the exclusive advantage of the other parties to the contract. The case of *Emerick vs. Sanders*, 1 Wis., 77, explained.

The better rule seems to be, that in case of a guaranty of *collection* of a debt, the diligent prosecution of the original debtor by the usual legal remedies and without effect, is a condition precedent to the right to maintain an action on such guaranty.

APPEAL from the Circuit Court for *Juneau* County.

Action to enforce a vendor's equitable lien on lots 8 and 9, in block 3, in Burns & Overbaugh's addition to the city of La Crosse, for unpaid purchase money, which lots were sold and conveyed by the plaintiff to the defendant for the sum of $5,000, to be paid as follows: $2,000 in the bonds of the La Crosse & Milwaukee railroad company; the sum of $1,500 in the promissory note of one Hathaway, and the balance in a note against Douglas & Co., for $1,500, coming due the 20th of

July thereafter, payable to the defendant, which last named note was known to both parties to be uncollectible, on account of the insolvency of the makers, and that on that account, it was taken by the plaintiff upon the express consideration and agreement that the defendant should then make and deliver with the said note, on the back thereof, a good and sufficient guaranty in the law for the collection thereof, and the defendant under such agreement did sign and deliver with said note a memorandum, endorsed on the back thereof as follows: "I hereby guarantee the collection of the within note. *W. J. Gibson*." It was charged in the complaint that the said memorandum was not valid as a guaranty, and that the defendant, by fraud and misrepresentation, and in order to cl eat and defraud him, induced the plaintiff to accept it as a valid guaranty, that Douglas & Co., have ever since then been and still are insolvent; that the said sum of $1,500, and interest thereon, still remains due and unpaid, and that the rights of no *bona fide* purchasers have attached to the premises, nor have any legal or equitable interests attached as against the plaintiff. The complaint contained other averments, in order to obtain an injunction restraining the defendant from conveying or incumbering the property, which need not be noticed, and a temporary injunction was granted. The defendant answered the complaint, to which answer there was a reply, and afterwards a motion was made by the defendant upon the pleadings, to vacate the injunctional order. Affidavits were read in opposition to the motion, but as the decision of the court is based on facts already stated, it is not necessary to notice the pleadings further, or state the substance of the affidavits.

The circuit court made an order granting the motion, and vacating the injunctional order, and the plaintiff appealed.

*James J. Lyndes & Hugh Cameron*, for appellant. The guaranty in this case is within the statute of frauds, and is void for the reason that no consideration is expressed in the memorandum thereof, and the defect cannot be supplied by parol evi-

dence. R. S., chap. 107, sec. 2 ; *Hunt vs. Brown*, 5 Hill, 145 ; *Bennett vs. Pratt*, 4 Denio, 255 ; *Wain vs. Warlters*, 5 East., 10 *Sears vs. Brink*, 3 Johns., 210. In the cases of *Leonard vs. Vredenburgh*, 8 Johns., 39 ; *Farley vs. Cleveland*, 1 Cowen, 432, 439 ; *Mallory vs. Gillett*, 21 N. Y., 419, and *Nelson vs. Boynton*, 3 Met., 400, the promise was an absolute and unconditional one to pay the debt at maturity, and when the original debtor failed to pay, the defendants contract was broken, and the plaintiff had a right of action against him. *Brown vs. Curtis*, 2 Comst., 228. But this reasoning cannot apply to this case, as this is a guaranty of collection and not of payment. *Manrow vs. Durham*, 3 Hill, 584, 2 Comst., 533. A guaranty of collection of a note, is a guaranty that it is collectible in due course of law. *Cumston vs. McNair*, 1 Wend., 457. The promise is conditional in this case, not that Douglas & Co. will pay the note, or that any person will perform any act whatever. *Curtis vs. Smallman*, 14 Wend., 231 ; *Van Derver vs. Wright*, 6 Barb., 547. It follows that the consideration agreed to be paid by the defendant for the lots, has not been paid, and the security agreed to be given for it, has never in fact been given. At the time the defendant delivered the guaranty, he well knew that it was void, and not such as he had agreed to give As no credit was given to the note of Douglas & Co., even if the guaranty of collection is valid, it will not relieve the property of the vendors lien, for the reason that it is the mere personal security of the purchaser only. Sug., Vend. & Pur., 126 ; *Fish vs. Howland*, 1 Paige, 20 ; *Mackreth vs. Symmons*, 15 Ves., 329 ; *Nairn vs. Prowis*, 2 Ves., 752 ; *Garson vs. Green*, 1 Johns. Ch., 308 ; 1 Hopk. Ch., 572 ; 1 Cox, 90 ; 2 Ves. & Bea.,306 ; 9 Wis., 463 ; 2 Story Eq., § 1219 ; 4 Kent, 152.

*J. J. Cole*, for respondent. The guaranty was valid and was an original undertaking, upon a consideration independent of the debt guaranteed, and moving between the guarantor and guarantee, for the benefit of the guarantor and not of the principal debtor. *Leonard vs. Vredenburgh*, 8 Johns., 29 ; *Brown*

*vs. Curtis,* 2 Comst., 225 ; *Mallory vs. Gillett,* 21 N. Y., 417 ; 1 Ambl., 330 ; 6 Carr & P., 752 ; 3 Met., 396 ; 1 Gray, 391 ; 8 Shep., 410 ; 29 Maine, 219 ; 10 N. H., 32 ; 28 Vt., 700 ; 30 id., 641 ; 3 Dutch., 376 ; 30 Ala., 599 ; 9 Cal., 328 ; 4 Jones, N. C., 337 ; 3 Strob., 207 ; 6 Blackf., 367 ; 1 Scam., 58 ; 1 Doug., 279 ; 1 Branch, 301 ; 10 Mo., 69.   If security be taken for the unpaid purchase money, the vendors lien is waived, unless there be an express agreement retaining it.   Willard Eq., 443 ; *Fish vs. Howland,* 1 Paige, 20 ; *Fallett vs. Reese,* 20 Ohio, 546 ; *Way vs. Salty,* 1 Cart., 102 ; 6 Blackf., 272 ; 2 Md., 137.

*By the Court,* DIXON, C. J.   We cannot discuss the question whether the promise of one person, though in form to answer for the still subsisting debt of another ; if founded upon a new and sufficient consideration moving from the creditor and promisee to the promisor, and beneficial to the latter, is within the statute of frauds and therefore void, unless it be in writing and expressing the consideration, and subscribed by the party making it.   Decision has multiplied upon decision, with scarce a syllable of conflict, for more than a century, that such a promise is not reached by the statute ; and it is now too late for discussion.   *Mallory vs. Gillett,* 21 N. Y., 412, and the cases cited : *Cardell vs. McNeil,* Id., 336 ; *Nelson vs. Boynton,* 3 Met., 396, and cases cited by counsel for present respondent.   The distinction is between cases where the person promising, has for his object a benefit accruing to himself, in which the original debtor has no interest, and from which he derives no advantage, and when his primary and leading object is to become surety for the debt of another without without benefit to himself, but for the exclusive advantage of the other parties to the contract.   The former is regarded as an undertaking by the promisor to answer upon his own contract or to pay his own debt, being a guaranty in form merely, and not within the intent of the statute ; the latter as a purely collateral agreement, and void unless the requirements of the

statute are complied with. Some expressions to be found in
*Emerick vs. Sanders*, 1 Wis., 77, which seem not to have been
called for by the case, might be supposed to indicate that
this court was of a contrary opinion, and that cases of
the first class are also within the statute ; yet the case closes
with this language, showing clearly that the court took no
such view of the law: "We conclude that the object of the
statute will be best carried out by requiring all agreements to
pay the still subsisting debt of another, to be evidenced by
writing, unless such subsequent agreement or promise be
founded upon a new and independent consideration, passing
between the newly contracting parties, and independent of the
original contract." The agreement set forth in the complaint
in this action is precisely of this nature, and is not, therefore,
void because it fails to express the consideration upon which it
was made. It need not have been reduced to writing at all ;
but being so and the consideration not stated, it might have
been made out by proof *aliunde*, in an action brought upon it.
This seems to put an end to the action. It was commenced
to enforce the plaintiff's equitable lien as vendor, upon the
theory that the guaranty was void, and that he might fall back
at once upon the consideration, and enforce payment out of
the premises conveyed. But the guaranty, is a guaranty of
collection, not of payment. There are many cases which hold,
and the better rule seems to be, that upon such a guaranty the
dilligent prosecution of the original debtor by the usual legal
remedies, and without effect, is a condition precedent to the
right to resort to the guarantor. *Cumpston vs. McNair*, 1
Wend., 457 ; *Burt vs. Horner*, 5 Barb., 501 ; *Day vs. Elmore*
4 Wis., 193—4 ; *Thomas vs. Woods*, 4 Cow., 173 ; *Taylor &*
*Otis vs. Bullen*, 6 Cow., 624 ; *Moakley vs. Riggs*, 19 Johns., 69 ;
*Eddy vs. Stanton*, 21 Wend., 255 ; *Dwight vs. Williams*, 4 Mc-
Lean, 581. In the two first cases, the words indorsed on a
a promissory note, "I guaranty the collection of the within
note," was held equivalent to a guaranty that the note was

collectible *by due course of law*. In the three last, it was determined that *insolvency* of the maker of the note was no excuse for a neglect to attempt the collection by legal process. In *McDoal vs. Yeomans*, 8 Watts, 361, and *Wheeler vs. Lewis*, 11 Vt., 265, a contrary doctrine was held, and insolvency of the maker decided to constitute a valid excuse. But upon this subject we express no opinion, since, if it were a guaranty of payment instead of collection, it would seem to be entirely without the scope of the action to permit a recovery. The complaint proceeds solely upon the ground that the guaranty was void, and that the defendant fraudulently induced the plaintiff to accept it.

Order affirmed.