## JOHN BOSMAN v. HEALY C. AKELEY.

*Demurrer—Enforcement of guaranty.*

A court cannot render final judgment on the whole record upon demurrer to certain counts in the declaration, while an issue of fact is pending on other counts.

A declaration on a guaranty of the collection of a note is demurrable if it does not state that legal proceedings have been taken to enforce collection without effect.

A guarantor of the collection of a note cannot be sued until legal proceedings to enforce its collection have been taken against the maker of the note without effect.

Error to Ottawa.  Submitted Oct. 30.  Decided Nov. 21.

ASSUMPSIT.  Plaintiff brings error.

*John C. Fitz Gerald* for plaintiff in error.  If the principal is insolvent when the note falls due, and continues so, suit may be brought at once on the guaranty of collection without first attempting to collect of the maker by suit, 2 Dan. Neg. Inst., 649; 2 Pars. N. & B., 142–3; *Camden v. Doremus,* 3 How., 533; *Ward v. Fryer's Ex'rs,* 19 Wend., 494; *Aldrich v. Chubb,* 35 Mich., 360; where there are issues of law and fact, judgment cannot be entered until both are disposed of, *Belknap v. McIntyre,* 2 Abb. Pr., 366; *Masters v. Barnard,* 6 How. Pr., 113.

*Akeley & Farr* for defendant in error.  Suit cannot be brought against the guarantor of the collection of a note until legal steps have been taken to enforce collection against the maker, *Hart v. Hudson,* 6 Duer., 294; *Cooke v. Nathan,* 16 Barb., 342; *Spicer v. Norton,* 13 Barb., 542; *Cumpston v. McNair,* 1 Wend., 457; *Eddy v. Stanton,* 21 Wend., 255; *Burt v. Horner,* 5 Barb., 501; *Van Derveer v. Wright,* 6 Barb., 547; *Parker v. Mc-Kelvain,* 17 Tex., 157; *Blanchard v. Wood,* 26 Me., 358; and see *Thomas v. Dodge,* 8 Mich., 51; *Barman v. Carhartt,* 10 Mich., 338; *Johnson v. Shepard,* 35 Mich., 115.

COOLEY, J.  This case having been brought to a hearing in the court below on demurrer to two counts of the declaration, while an issue of fact upon other counts was pending, the court sustained the demurrer, and rendered final judgment for defendant on the whole record.  This judgment was probably an inadvertence, but we have no alternative but to reverse it with costs and remand the record for further proceedings.

There still remains on the record the question of law whether the court was right in sustaining the demurrer. The suit was brought on the guaranty by defendant of the collection of a note made by one Keeler.  The form

of the guaranty is not given, but the allegation in the declaration is, that the defendant "for a valuable consideration to him in hand paid, by a guaranty in writing endorsed upon said note and signed by said defendant, did guarantee to said plaintiff the collection of said note." It is then averred that at the time the note became due and payable the said Keeler was and ever since has been "pecuniarily irresponsible and insolvent," by reason whereof the said note at the time when the same became due and payable was and ever since has been and now is uncollectible; "and that the same was duly presented for payment and payment refused." The question presented on demurrer to these allegations is, whether the fact that the maker of the note was pecuniarily irresponsible and insolvent, excuses the neglect to take proceedings at law for collection; or, to state it in other words, whether the terms of the guaranty do not require proceedings at law to enforce the collection of the note as a condition precedent to a resort to the guarantor. •

The cases on this subject are greatly at variance. In *M'Doal v. Yeomans*, 8 Watts, 361, it was held that on a guaranty that a note is "collectible" it is not necessary for the guarantee to attempt collection by legal proceedings if the maker is insolvent. See also *McClurg v. Fryer*, 15 Penn. St., 293. This has always been the doctrine of the courts in Massachusetts, *Sanford v. Allen*, 1 Cush., 473, explaining *Marsh v. Day*, 18 Pick., 321. See *Miles v. Linnell*, 97 Mass., 298. And as to Maine, see *Gillighan v. Boardman*, 29 Me., 79. In *Wheeler v. Lewis*, 11 Vt., 265, it is said that where a note is warranted "good and collectible" the holder is bound to resort to legal measures within a reasonable time, and to pursue them with common diligence, or show what is equivalent, the absolute insolvency of the maker of the note. To the same effect are *Bull v. Bliss*, 30 Vt., 127; *Dana v. Conant*, 30 Vt., 246. And see *Thompson v. Armstrong*, 1 Ill., 48; *Stone v. Rockefeller*,

29 Ohio St., 625. Cases in Connecticut sometimes cited as supporting these have no bearing, as they rest on peculiarities in the local law of indorsement. *Perkins v. Catlin,* 11 Conn., 213; *Ranson v. Sherwood,* 26 Conn., 437.

The New York cases, on the other hand, have always held that in fixing liability on such a guaranty, the only evidence that the note is not collectible is the failure of legal proceedings diligently pursued to result in collection. *Moakley v. Riggs,* 19 Johns., 69; *Thomas v. Woods,* 4 Cow., 173; *Taylor v. Bullen,* 6 Cow., 624; *Morris v. Wadsworth,* 11 Wend., 100; *White v. Case,* 13 Wend., 543; *Curtis v. Smallman,* 14 Wend., 231; *Loveland v. Shepard,* 2 Hill, 139; *Craig v. Parkis,* 40 N. Y., 181. In Wisconsin the rule is the same. *Day v. Elmore,* 4 Wis., 190; *Borden v. Gilbert,* 13 Wis., 670; *Dyer v. Gibson,* 16 Wis., 557; *French v. Marsh,* 29 Wis., 649. The like rule seems to be recognized in Kentucky, *Ely v. Bibb,* 4 J. J. Marsh., 71; and in Texas, *Shepard v. Phears,* 35 Texas, 763. See also *Peck v. Frink,* 10 Iowa, 193.

The point has never been directly passed upon in this court, but in *Dwight v. Williams,* 4 McLean, 581, the circuit court of the United States for this circuit approved and applied the New York rule. We believe that rule to be reasonable, and to accord with the general understanding of parties when such guaranties are given. The undertaking that a note is collectible means that if proceedings for collection are diligently prosecuted at law, they shall result in collection. It does not mean that the maker of the note is responsible, or shall remain responsible, but that the debt shall be collected if the proper steps are promptly taken for the purpose. It may be that an officer would find attachable property, where the witnesses know of none; it may be that with the large exemptions allowed by law the debtor would choose to make payment, rather than have the judgment stand against him, even when payment could not be enforced.

It follows that the circuit judge did not err in sustaining the demurrer.

The other Justices concurred.