CENTRAL INVESTMENT COMPANY v ANDREW MILES, EXECUTOR, ET AL.

FILED OCTOBER 5, 1898. No. 8332.

Guaranty: LIABILITY OF GUARANTOR. A mere guarantor of collection is liable upon his guaranty where it is shown that the note guarantied cannot be collected of the maker, and not otherwise.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Reversed.*

*McCabe, Wood, McGilton & Elmer,* for plaintiff in error.

*F. B. Tiffany, contra.*

Ryan, C.

In the district court of Douglas county it was alleged by the plaintiff, the executor of J. L. Miles, and by James Thompson, that the defendant the Central Investment Company had sold, assigned, and delivered to said Miles and Thompson three promissory notes originally made to the Central Investment Company, and indorsed upon each the following guaranty:

"We guaranty collection of the within note and waive notice of protest.

"CENTRAL INVESTMENT COMPANY,

"By M. S. LINDSAY,

"*President and Manager.*"

In the petition there were joined with the Central Investment Company as defendants the maker of said notes and three sureties thereon. The Central Investment Company demurred to the petition, and the district court on said demurrer held that the Central Investment Company could be sued as it was sued, notwithstanding the guaranty by it was merely of collection, and not of payment, and there was judgment accordingly. In *Bosman v. Akeley*, 39 Mich. 710, the holdings of several courts are reviewed with the conclusion announced by Cooley, J., that a mere guarantor of collection could not, over his objections, be held liable jointly with the principal even though it was alleged that the latter was insolvent, but the guaranty implied that the property of the maker should be exhausted before resort could be had to a guaranty of collection. In *Peck v. Frink*, 10 Ia. 193, it was held, where the payee of a note had transferred it by an indorsement of the form of that on which the Central Investment Company was held liable in this case, that, to render the guarantor liable on his guaranty, it was necessary to show that the note could not be collected of the maker. To the same effect was *Dewey v. Clark Investment Co.*, 50 N. W. Rep. [Minn.] 1032. We think that rule is

22

sound, and accordingly the judgment of the district court is reversed.

REVERSED AND REMANDED.