A promise to warrant the collection of a note, and pay the promisee all costs on all suits legally commenced for its collection, cannot be enforced, unless a suit be commenced, or a legal excuse for not doing so is shewn.

The commencement of a suit is a condition precedent.

Whether the non-performance or happening of a condition precedent to a right of action can be excused so as to give the right, by any thing short of the act of the opposite party ? Quere.

On a promise to warrant the collection of a note from the maker, and pay all costs of all suits legally commenced for its collection; the attempt to collect being a condition precedent; it is no excuse for not making the attempt, that the maker died intestate before the note fell due : and that no one had taken out letters of administration upon his estate.

TAYLOR & OTIS *against* BULLEN.

ON error from the C. P. of *Madison* county. In that court, *Bullen* declared against *Otis,* impleaded with *Taylor*, that on the 4*th* of *December,* 1817, *Stroud* made his note for $67,50, at two years, payable to *Taylor* or bearer ; that on the 6*th* of *May,* 1819, the defendants below, for a valuable consideration, assigned the note to the plaintiff below ; and for value received, promised him to warrant the collection of the note, and to pay him all costs on all suits legally commenced for its recovery. The 1st count then charged, that on the 20*th* of *September,* 1819, *Stroud* died intestate, insolvent, and no letters of administration of his estate had ever been granted. The 2d count was, that *Stroud* died intestate, and no letters of administration had ever been taken out, whereby it was impossible to commence any suit. To these were added the money counts.

*Plea.* 1st. the general issue ; 2nd. to the 1st count, that *Stroud* died seised and possessed of a large real and personal estate, more than sufficient to pay the note, subject to, and chargeable with his debts ; 3. to the 1st count, the same as the 2d plea, with the addition that the plaintiff had never commenced any suit or suits, or other proceedings against *Stroud,* or his heirs, devisees, or personal representatives, for the collection of the note ; nor had the plaintiff applied to the surrogate of *Madison* county, or any other proper officer, for grant of administration of *Stroud's* estate, nor in any way or manner attempted to collect the note. 4 and 5. To the 2d count, the pleas were substantially the same as those to the 1st.

Demurrer and joinder to the 2d, 3d, 4th, and 5th pleas. The suit was commenced in the court below, in *February* term, 1824. It was continued to *June* term following, when the court below gave judgment on the demurrers thus : " It appears to the said court here, that the said first and second counts of the said declaration, and the matters there-

in contained, &c. are sufficient in law, &c. Therefore, it is considered that the said plaintiff do recover," &c. And in *February* term, 1825, the damages of the plaintiff were assessed on a venire *tam quam* at $96,64, on the two first counts, for which the court rendered judgment with costs.

ALBANY,
Feb. 1827.

Taylor & Otis
v.
Bullen.

At the trial, the plaintiff proved the note, warranty, death of *Stroud* intestate, and that no letters of administration of his estate had been taken out, as mentioned in the declaration. The defendants offered to show that he left real and personal estate sufficient to satisfy the note ; but the evidence was rejected by the court, and the defendants excepted.

*G. C. Bronson*, for the plaintiffs in error. The two first counts are bad in substance, (the second especially so,) in not averring an attempt to collect of *Stroud*, his heirs, or devisees. The pleas demurred to were good. The court also rejected proper evidence. The attempt to collect, was a condition precedent; and *Stroud's* death was no excuse. If he had made no will, appointed no executor, and no letters of administration were taken out, still their was a remedy against the heir, or some one as executor *de son tort*. The plaintiff might also have applied to the surrogate, and himself taken out letters, and retained for his debt

If the attempt to collect be a condition precedent, nothing will excuse its omission ; not even the act of God. (19 *John.* 71, 2. 6 *T. R.* 210, 710. 2 *H. Bl.* 574 to 582. 1 *id.* 254. 2 *H. Bl.* 577, note. 3 *Mass. Rep.* 443. 7 *T. R.* 377. 6 *id.* 320. 1 *John.* 267.) The act of the defendants below could alone furnish such an excuse as would maintain the action. Though a defendant, sued for not doing an act, may excuse himself in many cases, yet the only excuse for not performing a condition precedent, which is to give a right of action, must arise from the act of the party sued. Beside, here was, in fact, very great delay and negligence.

*J. A. Spencer,* contra. The death and intestacy of *Stroud,* were a sufficient excuse for not attempting to collect the note by a legal proceeding. The warranty was, that the note should be paid, if not collected in the ordinary course of legal proceedings. This became impossible by *Stroud's* dying intestate, and no letters of administration being taken out. That *Stroud* should be where he could be sued when the note fell due, was a condition precedent to be performed by *Taylor* and *Otis,* before *Bullen* was obliged to prosecute. He was under no obligation to prosecute any one as executor *de son tort,* or any supposed *heir* or *devisee.* A proceeding against these, must have been very hazardous and uncertain. It was not offered to be shown that any such persons resided within the jurisdiction of any court in this state, and no such facts were alleged in the pleas. If the prosecution be a condition precedent, it may certainly be excused, short of any act of ours; and this is agreed by the cases. (19 *John.* 71, 2.)

He referred to 2 *Cowen,* 786, and the cases there cited, as to the construction of contracts.

*Curia,* per SAVAGE, Ch. J. The question is, whether the plaintiff below was not bound to prosecute those who were in possession of *Stroud's* property; and endeavor to collect the money by suit at law.

It is admitted, that the plaintiff below was bound to sue *Stroud,* or shew a legal excuse for omitting to do so. And it is contended that the death of *Stroud* intestate, and no administration granted, constitute a legal excuse.

The pleas state that *Stroud* left property enough, subject to the payment of his debts, and that the plaintiff below never took any legal measures to collect the money.

The guaranty supposes, that a resort to legal measures might become necessary; and the defendants below engage to pay costs on any suits legally commenced. My construction of the guaranty is, that *Bullen* was to take the trouble of the collection, and *Taylor* and *Otis* the responsibility.

It seems to be conceded by the declaration, that if *Stroud* had left executors, or administrators had been appointed, the plaintiff must have sued them before he could resort to his guaranty.

But if there is property enough, the law points out sufficient remedies.    The plaintiff was surely bound to pursue such legal remedies as he was entitled to, before he could prosecute the defendants.    Suppose *Stroud* had not died, but had gone to some other place, without this state, and had left property sufficient to pay the debt ; must not the holder of the note use the remedy applicable to such a state of facts ?   The contract is not that *Stroud* shall remain, and be served with a *capias* in an action of assumpsit ; but any suit legally commenced, was contemplated.   If there was property, as is represented by the pleas, some suit or proceeding might have been instituted.    Here was a condition precedent ;   that condition was not confined to a prosecution of *Stroud* himself.    Had it been so, then indeed the plaintiff would possibly have been excused, as that was rendered impossible by the act of God, the death of *Stroud*.  Even this, however, may be doubted. In *Moakley* v. *Riggs*, (19 *John*. 69,) *Spencer* Ch. Justice, says, "though the act of God, or the act of the law which renders the performance of an act stipulated to be done, unlawful, may excuse a party from a strict compliance with his contract as matter of defence, it may well be doubted whether an engagement by one to perform an act on the previous performance of another act by the other, can be enforced without shewing the previous act done, or that its performance was dispensed with, or prevented by him who was to perform the subsequent act."    This is in accordance with the settled law in relation to conditions precedent.    In *Wood* v. *Worsley*, (2 *H. Bl.* 574,) which was an action on a policy against fire, the condition was to produce a certificate of the *minister* and *church wardens*, of certain facts.   The certificate was not procured ; though other evidence of the facts was ; and that the minister, &c. refused without cause, to give the certificate.    The common pleas held this tantamount to a production of the certificate.    But the judg-

ALBANY,
Feb. 1827.

Taylor & Otis
v.
Bullen.

ment was reversed in the king's bench, (7 *T. R.* 710;) that court holding the production of the certificate, a condition precedent, and that it was immaterial that the minister wrongfully refused.   In *Routledge* v. *Burrell*, (1 *H. Bl.* 258,) the court upon a similar point, said the matter was too clear to admit of a doubt.   In *Campbell* v. *French*, (6 *T. R.* 200,) a bond was conditioned to pay certain bills of exchange, if returned from *India*, protested for non-payment.   The bills were returned protested for *non-acceptance;* and the court held the obligors discharged, the condition not being performed, though it might have been.   So here, a suit or suits, at law, might have been prosecuted, and the money collected, as is inferrible from the pleas. The plaintiff has not made any effort to collect the money; and, in my judgment, his suit on the guaranty was premature.   The judgment of the common pleas must be reversed.

<div align="right">Judgment reversed.</div>