## KISER v. RUDDICK and Another.

If after a sheriff has levied an execution on a tract of land, the execution-debtor lay off the land into town-lots, the sheriff will not be bound, on the mere request of such debtor, to sell the lots separately.

A judgment-debtor deposited with the judgment-creditor's attorney certain claims as security, taking receipts therefor in which the attorney engaged to apply so much of the proceeds as he should be able to collect, to the payment of the judgment. *Held*, in a suit in chancery by the debtor, that he was not entitled to a credit for said claims until they were collected, unless they had been lost, or had remained uncollected, through the creditor's negligence. *Held*, also, that had said receipts purported to have been for actual payments, an allegation in the answer that they were for claims deposited as security, &c., would have required proof.

ERROR to the *Bartholomew* Circuit Court.

SMITH, J.—This was a suit in chancery brought by *William P. Kiser*, the plaintiff in error, against the defendants in error. The case was heard in the Court below upon the bill of complaint, the answers of the defendants, and a deposition taken on behalf of the complainant. A decree was pronounced in favour of the defendants dismissing the bill of complaint, which is the error assigned upon the record.

The object of the bill was to have the sale of certain property, sold under execution, set aside. The executions were issued upon two judgments obtained in the *Bartholomew* Circuit Court, by *Jesse Ruddick*, senior, and *Jesse Ruddick*, junior, against the complainant.

The plaintiff in error contends that the sale should have been set aside upon two grounds: 1. Because the sheriff in

May Term, 1847.

KISER
v.
RUDDICK.

making sale of the property, which was a tract of land called *Mount Tipton* adjoining the town of *Columbus*, refused to be governed by the complainant's direction. After the levy, but previously to the sale, the latter had laid off the tract into town-lots, and he requested the sheriff to sell each lot, so laid off, separately. The sheriff refused to do so, but sold the whole tract in one body to *Jesse Ruddick*, junior, one of the execution-plaintiffs, and one *Gwinn*, for 641 dollars, after previously striking it off to two other persons; namely, to one *Burns* for 975 dollars, and to one *Taggart* for 850 dollars, each of whom successively bid off the property but failed to pay for it, as demanded, at the time of sale. 2. Because the executions, previous to the sale, should have been credited with the amount of certain receipts, which are made exhibits by the bill, given to *Kiser* by the attorney for the execution-plaintiffs, and which, if they had been credited, would have more than paid the whole amount called for by both executions.

The sheriff having levied upon the tract before it was subdivided into lots, was not bound, upon the mere request of the execution-defendant, to sell the lots separately. It was his duty to sell the property to the best advantage, so as to make the debts demanded by the executions in his hands, without any unnecessary sacrifice of the property of the debtor. The sheriff, acting in such cases as the agent of both parties, should do justice to both, and is invested with some discretionary power to act, independent of the directions of either party. *M'Donald* v. *Neilson*, 2 Cowen, 139. His acts, however, should be in good .faith, and he is responsible for any loss or injury that either party may sustain through his neglect or misconduct. In this case, the levy having been made upon the tract of land in one body,.it was proper to sell it so, unless there should have been some good reason shown for the sale being made in a different manner. It is not charged in the bill that the debts could have been made by the sale of any portion of the tract less than the whole, or that the property would have sold for a greater price if it had been sold in lots. There is a general charge that the property was sacrificed by being sold in the manner it was sold, and by the collusion and confederation of the execution-

plaintiffs with persons unknown, which is denied by the answers and not proved. We see no reason therefore for setting aside the sale upon this ground.

With regard to the second point urged by the plaintiff in error, it appears by the exhibits referred to that the receipts, which, it is said, should have been credited upon the executions and were not so credited, were given for certain accounts, notes, and judgments, due the execution-defendant, which had been placed in the hands of the attorney for the execution-plaintiffs for collection. In his receipts, he simply engages to apply so much of the proceeds as he should be able to collect, to the payment of the judgments on which the executions issued. In the answer of *Jesse Ruddick*, junior, it is admitted that these accounts, notes, and judgments, were placed in the hands of his attorney as collateral security for the payment of the judgments, and that they were to operate as a stay of execution for six months instead of replevin-security. It is also alleged in his answer that the sum of 595 dollars and 13 cents, one of the credits actually entered upon the execution which issued upon the first judgment, was made up of the proceeds of said claims, and that that amount was all their attorney had been able to collect.

It is contended by the counsel for the plaintiff in error, that the execution-plaintiffs are accountable for the amount of those claims which were not collected. As it appears from the face of the receipts, that they were not received as payment but merely as collateral security, the execution-defendant was not entitled to be credited with their amount until they were collected, unless he had shown that they were lost or remained uncollected through the negligence of the execution-plaintiffs. The holders of claims deposited as collateral security are answerable for reasonable but not extraordinary diligence in their collection. *Lawrence* v. *M'Calmont*, 2 Howard, U. S. 426. The bill of complaint does not charge that there was any loss from want of diligence in the collection of these claims by the execution-plaintiffs, and such loss is not to be presumed from the mere fact of their remaining uncollected. A creditor may accept notes or other choses in action either in payment or for better security only, but the

delivery of such choses in action is not payment, unless they <span>May Term, 1847.</span> are received as such or produce payment. *Chastain* v. *Johnson*, 2 Bail. 574.—*Costello* v. *Cove*, 2 Hill, 528.—*Prescott* v. *Hubbell*, 1 M'Cord, 94.—*Comstock* v. *Smith*, 23 Maine, 202.—*Dogan* v. *Ashbey*, 1 Richardson, 36.

WRIGHT
v.
THE STATE.

A question is raised by the counsel for the plaintiff in error, as to how far the answer of the defendants, in alleging that the receipts were for claims to be collected, and that the sum of 595 dollars and 13 cents, actually credited, is the amount realized from them, is evidence for the defendants. There is no difficulty upon this point. If the receipts had purported to have been for actual payments, an allegation in the answer that they were in reality for claims deposited as collateral security, to be credited upon the judgments when collected, would have been such an averment of new matter as to render proof necessary. But that fact is shown by the receipts themselves, made exhibits and consequently a part of the bill of complaint.

*Per Curiam.*—The decree is affirmed with costs.

*J. G. Marshall* and *H. P. Thornton*, for the plaintiff.

*A. A. Hammond*, *J. Morrison*, and *S. Major*, for the defendants.