Nov. Term,
1853.

Slevin
v.
Morrow.

Slevin and Others *v.* Morrow and Others.

A creditor who receives the notes of third persons, properly indorsed to him, as collateral security for a debt, knowing the makers to be in doubtful circumstances, is bound to use reasonable diligence to collect them, or show some excuse for not doing so, but extraordinary diligence is not required.

If the creditor, through his laches, fails to realize the money on the notes, the debtor has the right to treat the notes as a satisfaction, so far as they go, of the debt.

The finding of the Court, sitting as a jury, is conclusive in the absence of a clear preponderance of evidence.

ERROR to the *Franklin* Circuit Court.

*Friday,*
*December 2.*

Roache, J.—Debt by the plaintiffs in error against the defendants, on two promissory notes. Plea, the general issue, with an agreement to give in evidence under it all matters which could be proved under any special pleading.

Trial by the Court, which found for the defendants. Motions for a new trial and in arrest of judgment overruled, and judgment on the finding.

It appears from the evidence, which is set out in a bill of exceptions, that the defendants placed two notes in the plaintiffs' hands, the proceeds of which, when collected, were to be applied to the payment of the notes sued on. The first note was on one *Wright*, and was given to them on the 15th of *June*, 1848. In *January* or *February*, 1849, a second note on one *Lovell*, for 400 dollars, was transferred. Both notes were indorsed in blank by the defendants, for the purpose of enabling the plaintiffs to collect them. Shortly after receiving the first note on *Wright*, the plaintiffs called on him, and received no money, but were promised payment at a future time. No further attempt to collect it is shown. At the time of the trial below, *Wright* had died insolvent. No steps seem to have been taken to collect the *Lovell* note.

The defendants insist that both *Wright* and *Lovell* were solvent at the time of the transfer of the notes, and for

Nov. Term,
1853.

SLEVIN
v.
MORROW.

sometime afterwards, and that the plaintiffs might have realized the amounts by using proper diligence.

On this point, the testimony was somewhat conflicting. *Wright* was the owner and master of a canal-boat on the *White Water Valley* canal, and was at *Cincinnati*, where the plaintiffs resided, several times after the note was transferred.

*Lovell* was in embarrassed circumstances, but had some property in his hands; had a mill and was manufacturing lumber. The plaintiffs do not appear to have ever called on him, or made any attempt to collect the money on his note. In the spring of 1850, *Lovell* went to *California*, and left no property whatever.

It is further in proof, that at the time the note on *Lovell* was transferred, the defendants told the plaintiffs that he, *Lovell*, had been unfortunate, and lost a great deal, but was an energetic man, and would struggle harder to pay the note when he knew it was in the hands of plaintiffs.

The law arising on the questions presented by this state of facts, is well settled.

These notes were taken by the plaintiffs as collateral security, to be applied in payment of their claim, when collected. They were indorsed in blank, for the purpose of enabling them to effect the collection; they took and retained possession of the notes up to the time when, as they allege, it had become impossible to make any sum off the debtors in those notes. Under such circumstances, it was their duty to use reasonable diligence to secure their payment.

They were aware of the embarrassed circumstances of the parties, and cannot be excused from the obligation of taking the ordinary process for the collection of the claim. At least one term of Court intervened between the transfer of the notes and the death of *Wright* and the departure of *Lovell* for *California*. The plaintiffs were apprised that the debtors were in dubious circumstances, and the notes being in their possession, it was out of the power of the defendants to take any legal steps for their collection. By taking and holding the notes, under such cir-

cumstances, they imposed on themselves the obligation to use reasonable, but not extraordinary diligence. *Lawrence* v. *McCalmont*, 2 How. U. S. 426.—*Kiser* v. *Ruddick*, 8 Blackf. 382.

The plaintiffs contend, however, that it was sufficiently established that *Wright* and *Lovell* were insolvent. On this point, the evidence was somewhat conflicting; but it was a question necessarily involved in the finding of the Court. If the insolvency had been established, it would undoubtedly have relieved the plaintiffs from the necessity of taking any steps for the collection of the notes. It being a question of fact, directly in dispute, and necessarily involved in the finding of the Court, the finding is conclusive in the absence of a clear preponderance of evidence against it. The transfer of the notes in question was not an absolute payment of the original indebtedness, but, when the holder fails to realize the money, through his own laches, his debtor has a right to have it considered as a satisfaction of his debt. Hence, it was incumbent on the plaintiffs in the present case to show, either that they had used reasonable diligence in attempting to collect them, or some excuse for their failure to do so.

The first is a question of mixed law and fact: the latter one of fact simply. The finding of the Court is against them on both, and must, under the state of evidence, be held to settle both against them. There is no preponderance of proof which would justify us in disturbing this finding.

*Per Curiam.*—The judgment is affirmed with costs.

*G. Holland*, for the plaintiffs.

*J. D. Howland*, for the defendants.