By the Court—Monell, J.
The note in question was delivered to and received by the plaintiffs as collateral security for a prior indebtedness of the defendant to the plaintiffs. The fact is so found by the Referee, and the finding is warranted by the evidence. There was no express direction given to the plaintiffs to sue the makers, nor was there any express agreement or understanding that the defendant would pay the costs and expenses of a suit for the collection of the note. ,
The obligation which the law imposed upon the plaintiffs when they received the collateral security, was that they would use diligence in its collection. The defendant stood in the relation of guarantor for the collection of the note, and was entitled to all the rights and protection which the law furnishes to such persons, among which is the exercise, on the part of the holder, of such, diligence as is •required of a bailee for hire, or of a pledgee. (Story on Prom. Notes, § 284; Lawrence v. McCalmont, 2 How. U. S. R., 427; Swinyard v. Bowes, 5 Maule & Selw., 62; Chitty on Bills, [8th ed.] 467, 474; Bayley on Bills, 286, 290.) In Lawrence v. McCalmont the principle is fully recognized (p. 454) that a person receiving a note as collateral security, was bound to due diligence in its collection, and that the case fell under the general law of agency And Story (Story on Bills, § 372,) applies the law applicable to .guarantors, to holders of bills held as collateral security.
The amount of diligence which the law requires should *213 be exercised, must, of course, be determined from the facts and circumstances of each case. Nevertheless, it is a question of law and not of fact, and must be determined by the Court upon settled principles governing such eases. (Burt v. Horner, 5 Barb., 504.)
In guarantees of collection, the attempt to collect must have been made, it being a condition precedent to calling on the guarantor; and the creditor is held to the exercise of diligence in prosecuting the maker. (Taylor v. Bullen, 6 Cow., 624; Cumpston v. McNair, 1 Wend., 457; Lamourieux v. Hewit, 5 Wend., 307; Eddy v. Stantons, 21 Wend., 255; Burt v. Horner, 5 Barb., 501; Hart v. Hudson, 6 Duer, 294, 303; Hoard v. Garner, 6 Seld., 261; Kemmerer v. Wilson, 31 Penn., 110.)
In determining the question of diligence, two things must be considered. First. Was there any impediment to bringing a suit ? and, Secondly. Has the omission to sue injured the guarantor ? If the creditor has been unable to prosecute the maker, he cannot be chargeable with negligence ; nor can the guarantor be said to have sustained damage if the maker continues responsible. In Chitty on Bills, supra, it is said, “ if the parties who ought to have paid the bill or note were solvent at the time when it became due,, and for some time afterward, and only subsequently became insolvent before notice, an inference of actual damage from want of notice to the party guaranteeing, or who is otherwise collaterally liable, will prevail, until rebutted by actual proof, that if notice had been given, payment could not have been obtained.”
A reference to some of the above cases will exhibit the stringency of the rule and the degree of diligence required in particular cases.
Taylor v. Bullen was a guarantee of collection, and the maker died before the maturity of the note: held no excuse for not prosecuting his representatives.
In Cumpston v. McNair, the excuse for not prosecuting the note was that a recovery could not be had against.the makers, a partnership being denied. A suit had been com *214 menced and discontinued because a witness could not be found to prove the partnership. It was held not sufficient.
Hor is it any excuse that the maker resides in another State. The creditor must prosecute him there. (Burt v. Horner, 5 Barb., 501.)
The general principle is also distinctly recognized in Barrow v. Rhinelander, (3 Johns. Ch., 614.)
In Hart v. Hudson, Mr. Justice Duee says, “ if the debt “ so guaranteed is unpaid at its maturity, the creditor, if he “wishes to retain the liability of the guarantor, must, “ without delay, commence proceedings for its recovery, “ and it is only when he can show that all the remedies “ which the law gave him against the debtor had been “ exhausted, that he is in a condition to demand payment “ of the debt from the guarantor. If he delay, without “ necessity, to commence the necessary proceedings, * * * “ the delay is imputed to him as ‘laches,’, and the guar- “ antor is discharged.”
In Gallagher v. White, (31 Barb., 92,) the note was past due when it was transferred. . The maker was insolvent at the time of transfer and continued so. And it was intimated, but not decided, that negligence was not imputable to the holder. This was put expressly on the ground that the guarantor had sustained no loss.
In Lamourieux v. Hewit, the doctrine of laches was held not to apply where the original debtor was insolvent. There, the suit was commenced within three months after the maturity of the note, and, except for the insolvency excusing the laches, it would have been negligence. (Burt v. Horner, supra.)
The case of Hoard v. Garner, (6 Seld., 261,) is like this in principle. In that case there was an express covenant to take proper means to collect, and the covenantor was held to be chargeable with laches, and the law of guarantors was applied to such a covenant.. •
Applying the principles of these cases to the facts found by the Referee, it will be seen that the plaintiffs having failed .to discharge the obligation imposed upon them by *215 law, must be held liable for the damage sustained by the defendant.
The note was transferred on the 18th June, 1851, when the makers were abundantly able to pay it, and when, if a suit had been commenced and a judgment recovered, it could have been collected. The only excuse offered for not prosecuting the makers, was that they refused to pay until it was made right concerning the whole purchase of cotton. This was regarded by the plaintiffs as a sufficient reason for not suing, and yet they retained the security, omitting to give any notice to the defendant, until the 20th of September following, when, without any directions from the defendant, they commenced a suit. In the meantime and on the first of September, the makers of the note, through misfortune, became insolvent.
Under these facts, it seems to me that, in judgment of law, negligence is to be imputable to the plaintiffs. There was no impediment to suing the makers; their intimated defense did not excuse it, and there was an implied, if not an express, agreement by the defendant to pay the costs and expenses of the suit. By the omission of the plaintiffs to sue with diligence, the defendant has lost the debt through the insolvency of the debtors, and the plaintiffs must-be held responsible for such loss.
Under this view of the case, the defendant was entitled to have deducted from the plaintiffs’ claim for freight, the amount due on the note at the time of the trial; and for the same reasons, the plaintiffs cannot recover the costs of the suit against the Holbrooks.
The conclusions of the Beferee are therefore erroneous, and the judgment must be set aside, and a new trial granted, with costs to abide the event.