*T. L. Collins, T. B. Buskirk,* and *J. R. Buskirk,* for appellee.

———————

## MEYER *v.* YESSER.

SPECIFIC PERFORMANCE.—*Fraud Without Injury.—Time.*—Suit for specific performance of a contract for the sale of land, the complaint alleging, that on the 8th of September, 1862, plaintiff purchased of defendant certain land, described, for two hundred and fifty dollars, to be paid on or before December 25th, 1868, with eight per cent. interest per annum; that in pursuance of said contract, defendant delivered possession of the land to plaintiff, who entered thereon and had ever since held possession thereof and had made valuable improvements thereon, to the value of five hundred dollars; that on the 7th of September, 1863, defendant, in confirmation of said contract, executed and delivered to plaintiff a bond, set out, in the penal sum of

Meyer *v.* Yesser.

seven hundred dollars, conditioned that upon payment to defendant of said two hundred and fifty dollars, with interest at eight per cent. per annum, on or before December 25th, 1868, defendant would execute and deliver to plaintiff a good warranty deed to said land; that plaintiff had punctually paid to defendant the interest on said two hundred and fifty dollars, at the rate of eight per cent. per annum, from the date of the purchase to December 25th, 1867, and on the 23d of January, 1868, tendered to defendant the full amount of the purchase-money and unpaid interest thereon to that date, and requested of defendant a conveyance of the land; but that defendant refused to receive the money or execute to plaintiff a conveyance; and that plaintiff since the date of said tender had kept the sum so tendered for defendant, and was ready and willing to pay the same to defendant on the execution of said conveyance. Answer, that prior to the execution of said bond, defendant had agreed with plaintiff to purchase for the latter five-sevenths of the land described in the complaint, plaintiff agreeing to pay defendant therefor two hundred and fifty dollars, on or before December 25th, 1867; "that defendant is a German, unable to speak, read, or write the English language, and at the time of executing the bond she was sick, and the bond was not read to her;" that plaintiff falsely and fraudulently assured defendant that said bond correctly stated the agreement between them; that, relying on the honesty of the plaintiff she signed the bond, when, in truth, plaintiff had said bond drawn payable on or before December 25th, 1868, without the knowledge or consent of defendant. *Held,* that the answer was bad on demurrer.

PRACTICE.—*Bill of Exceptions.*—*Pleading Stricken Out.*—Where a paragraph of a pleading is stricken out on motion, it can be made a part of the record by a bill of exceptions only.

APPEAL from the Gibson Circuit Court.

Suit by Meyer, the appellant, against Mary Yesser, for specific performance of a contract for the sale of land.

The complaint alleges, that on the 8th of September, 1862, the plaintiff purchased of the defendant certain land, which is described, situate in said county of Gibson, for the sum of two hundred and fifty dollars, to be paid on or before the 25th of December, 1868, with eight per cent. interest per annum; that, in pursuance of said contract, the defendant delivered possession of said land to the plaintiff, who entered thereon and has ever since held, and still holds, possession thereof, and has made valuable and lasting improvements thereon, to the value of five hundred dollars; that afterwards, on the 7th of September, 1863, the defendant, in confirmation of said contract of sale, executed and

delivered to the plaintiff a bond, in the penal sum of seven hundred dollars, conditioned that upon the payment to her ·of said sum of two hundred and fifty dollars, with interest :at eight per cent. per annum, on or before the 25th of December, 1868, she would execute and deliver to the plaintiff a good warranty deed to said land. A copy of the bond was filed with the complaint. It is further averred in the complaint, that the plaintiff had punctually paid to the defendant the interest on said sum of two hundred and fifty dollars, at the rate of eight per cent. per annum, from the date of the purchase to the 25th of December, 1867; and on the 23d day of January, 1868, tendered and offered to pay to her the sum of $251.66⅔ cents, the full amount of the purchase money and· 'the unpaid interest thereon to that date, and requested of the defendant a conveyance for the land; but the defendant refused, and still refuses, to receive the money or to execute to the plaintiff a conveyance; that the plaintiff ever since the date of said tender has kept, and still keeps, the sum so tendered for the defendant, which he is ready and willing to pay her, on the execution of said conveyance.

Prayer for a specific performance, &c.

The defendant filed an answer in three paragraphs. The third paragraph was stricken out on motion.

The first is a general denial.

The second paragraph alleges, in substance, that prior to the time of the execution of the bond exhibited in the complaint, the defendant had agreed with the plaintiff to purchase for him five-seventh parts of the land described in the complaint, the plaintiff agreeing to pay her therefor two hundred and fifty dollars on or before the 25th of December, 1867; that the defendant is a German, unable to speak, read, or write the English language, and at the time of executing the bond she was sick, and the bond was not read to her; that the plaintiff falsely and fraudulently assured her that it correctly stated the agreement between them, and, relying on the honesty of the plaintiff, she signed it;

when, in truth, the plaintiff fraudulently had said bond drawn payable on or before the 25th of December, 1868, without the knowledge or consent of the defendant.

The plaintiff demurred to the second paragraph of the answer. The demurrer was overruled, to which the plaintiff excepted; and, upon his refusal to reply to that paragraph, final judgment was rendered against him.

ELLIOTT, J.—The ruling of the circuit court, in overruling the demurrer to the second paragraph of the answer, presents the only question in the case. The question is, are the facts alleged in the paragraph sufficient to bar the action? We think not. It will be observed that the answer seeks to defeat the action by attacking the validity of the bond referred to in the complaint, only by the allegation that the appellant fraudulently, and without the knowledge or consent of the defendant, procured the bond to be so drawn as to make the purchase money become due on the 25th of December, 1868, instead of the 25th of December, 1867. It admits all the other allegations of the complaint. It admits that the contract, with the exception stated, was made as alleged in the complaint. It admits the payment of the interest on the purchase-money, at the rate stipulated, to the first of December, 1867, and the tender of the whole of the purchase money, and the residue of the interest on the 23d of January following.

Under this state of facts, it is not perceived how the defendant was injured by the alleged fraud; and fraud without injury is never available as a defense in equity. There is nothing in the bond or the answer to show that time was of the essence of the contract; so that if it had been stipulated in the bond that the purchase-money should become due on the 25th of December, 1867, as the defendant claims it should have been, and the money had been tendered on the 23d of the following month, as it is averred in the complaint, equity would have compelled a specific performance

of the contract.   What injury, then, has the defendant suffered by the alleged fraud?

But if the bond were void for the frauds alleged, still the appellant would be entitled, under the facts stated in the complaint, to a specific performance.

It appears by the complaint, that the original contract was made on the 8th of September, 1862, by parol; under which possession of the land contracted for was given by the defendant to the appellant a year before this bond was executed, which he ever afterwards continued to hold; that he had made lasting and valuable improvements on the land, and had paid the interest on the purchase-money to the 25th of December, 1867, and tendered to the defendant the principal and the residue of the interest on the 23d of January, 1868, and demanded a deed.   These facts took the case out of the statute of frauds, and, independent of the bond, entitle him to a specific performance.   They are all admitted by the answer, but are not avoided, and the answer is, therefore, bad.

The appellee assigns as a cross error, the sustaining the demurrer to the third paragraph of the answer, which is discussed by her counsel.   But the record fails to show that a demurrer to that paragraph was either filed or sustained. On the contrary, it shows that the third paragraph was stricken out on motion; after which it no longer formed a part of the record, and could only be made so by a bill of exceptions, which was not done.   Although it is improperly copied into the record by the clerk, it is not properly before us, and no question is there presented upon it.

The judgment is reversed, with costs, and the cause remanded to the circuit court, with directions to sustain the demurrer to the second paragraph of the answer, and for further proceedings, not inconsistent with this opinion.

*W. M. Land* and *C. Denby*, for appellant.

*J. S. Buchanan* and *H. C. Gooding*, for appellee.