## REEVES ET AL. *v.* PLOUGH.

BILL OF EXCEPTIONS.—*Demurrer.—Striking Out.*—If a demurrer to a paragraph of a complaint is overruled, and the paragraph is afterward struck out on motion, and not again put into the record by a bill of exceptions, it is not a part of the record, and the overruling of the demurrer to it cannot be assigned as error.

SAME.—A question arising upon the action of a court in striking out a paragraph of a pleading can only be reserved by a bill of exceptions.

INTERROGATORIES TO JURY.—*Imperfect Answers.*—Where the answers to interrogatories propounded to a jury are not full, if objection is urged to the discharge of the jury without a full finding, or if the court is asked to require the jury to find fully in answer to the interrogatories, the court should require such finding. But an objection to the finding cannot be made in the Supreme Court for the first time.

COLLATERAL SECURITY.—*Payment.*—The mere delivery of choses in action as collateral security for a debt cannot be pleaded as a payment of the debt.

SAME.—*Diligence to Collect Collaterals.*—The holder of such collaterals is answerable for reasonable, but not extraordinary, diligence in their collection.

SAME.—If collaterals are lost for want of reasonable diligence, the creditor holding them must account for the amount, but such loss cannot be presumed from the mere fact of their remaining uncollected.

SAME.—If collaterals are held to secure the payment of a note, and, before judgment on the note, there has been payment of the collaterals, or such want of diligence in collecting the same as to make the holder responsible for the amount of them, this will constitute a defence to an action on the note, and it cannot be set up afterward as a payment of the judgment on the note.

MOTION FOR NEW TRIAL.—*Instructions to Jury.*—A motion for a new trial, on the ground of error in refusing or giving instructions, must specify the instructions alleged to have been given, which were incorrect, and those refused, which should have been given.

SAME.—*Evidence.*—A motion for a new trial on the ground of the improper admission of evidence must point out the evidence improperly admitted.

SAME.—*Demurrer.*—The overruling of a demurrer to a pleading is not a reason for a new trial.

APPEAL from the Howard Common Pleas. ·

DOWNEY, J.—This was a proceeding instituted by the appellee against the appellants, to have satisfaction of a judgment ordered, which had been rendered in favor of the appellants against the appellee, as authorized by 2 G. & H. 220, sec. 377. The motion assumed the form of a regular complaint. An issue, by general denial of the complaint, was formed; there was a trial by jury; a verdict for the plaintiff; a motion by the defendants for a new trial overruled; and a judgment rendered, by which the judgment was declared satisfied, and the defendants perpetually enjoined from attempting to collect the same, or any part thereof.

Several errors are assigned in this court by the appellants, which we will consider in their order.

The first is, that the court erred in overruling the appellants' demurrer to the first paragraph of the complaint. The record shows that a demurrer to the first paragraph of the complaint was filed, and overruled by the court; but it also shows that afterward the first and second paragraphs of the complaint were stricken out, on motion of the defendants, and that the issue was formed and the case tried upon the third paragraph of the complaint alone. The overruling of the demurrer to the first paragraph cannot, under these circum-

stances, be assigned as error. Strictly, that paragraph of the complaint having been stricken out, and not again put into the record by bill of exceptions, is not any part of the record. *Meyer* v. *Yesser*, 32 Ind. 294. This has been often decided by this court.

The second alleged error is the refusal of the court to strike out the second and third paragraphs of the complaint. As we have already remarked, the record shows that the second paragraph of the complaint was stricken out, on the motion of the defendants. But this is a question which can only be reserved by a proper bill of exceptions. None was filed in this instance, and for this reason the question is not before us for decision. *Clem* v. *Martin*, 34 Ind. 341. There are other cases to this effect. In addition to this, there was no motion to strike out the amended third paragraph of the complaint.

All the other alleged errors may be considered under that which assigns the improper overruling of the motion for a new trial. The reasons for a new trial, stated in the motion, are, first, the verdict does not decide any issue made between the parties; second, the finding of the jury, in their answers to the interrogatories, is not sustained by the evidence; third, the finding of the jury is contrary to the law and evidence; fourth, the court gave charges to the jury, asked for by the plaintiff, which were given over the objection of the defendants; fifth, the jury found against the direct charges of the court; sixth, the court permitted the plaintiff to give to the jury evidence not admissible under the issue made by the pleadings; seventh, the court refused to give the jury charges asked for by the defendant, which were the law; eighth, the court erred in overruling the demurrer to the complaint.

The complaint alleged that the judgment had been fully satisfied, and the jury returned a general verdict for the plaintiff, besides certain special findings, which are entirely consistent with it. If the fact that the verdict was not responsive to any issue in the case is or can be in any case a

good reason for a new trial, still we think the verdict in this case was clearly good in that respect.

We think the findings of the jury, in answer to the interrogatories, are sustained by the evidence. But the answers were not full, and if an objection had been urged against the discharge of the jury without a full finding in answer to them, or if the court had been asked to require the jury to find fully in answer to them, the court should have required such full finding. But this was not done. *Rosser* v. *Barnes*, 16 Ind. 502; *Buntin* v. *Rose*, 16 Ind. 209. The objection that the findings are not perfect cannot be made now for the first time.

In our opinion, the third reason for a new trial should have been sustained by the court. The complaint alleges "that the judgment is paid off, and should so appear of record." The evidence shows that a note of the appellee to the appellants was placed in the hands of their attorney for collection in 1853. In April of that year, the appellee placed in the hands of the said attorney notes on various solvent persons, to the amount of the note of the appellee, and enough more to pay attorney's fees for collecting the same, and which were so placed in the hands of said attorney as collateral security for the payment of the note of the appellee. The attorney testified that this was done with the consent and subsequent approval of the appellants; while they deny, in their testimony, ever having consented to or approved of the arrangement.

On the 10th day of April, 1867, the appellants recovered a judgment against the appellee in said common pleas court for the full amount of the note due from the appellee to them, and were about to enforce the collection thereof by execution when this proceeding was commenced, in July, 1871. There was no evidence that any part of the collaterals had been collected, or that there had been any failure on the part of the appellants to make use of reasonable diligence to collect the same, unless the mere lapse of time, and the fact that the claims had not been collected, show

such want of reasonable diligence. The mere delivery of choses in action as collateral security for a debt cannot be pleaded as a payment of the debt. The holder of such collaterals is answerable for reasonable, but not extraordinary, diligence in their collection. If the collaterals have been lost for the want of reasonable diligence, the creditors holding them must account for the amount; but such loss cannot be presumed from the mere fact of their remaining uncollected. *Kiser* v. *Ruddick*, 8 Blackf. 382; *Dugan* v. *Sprague*, 2 Ind. 600; *Slevin* v. *Morrow*, 4 Ind. 425.

If there had been payment or such want of diligence in collecting the collaterals as to make the appellants responsible for the amount of them, prior to the rendition of the judgment in 1867, that would have constituted a defence to the action on the note, and it could not be set up afterward as the payment of the judgment; for being a defence to the action, the appellee should have pleaded it as such, and thus prevented the rendition of the judgment against him. There was no evidence of anything which took place after the rendition of the judgment tending in the least to show its payment or satisfaction. The question in issue was the payment of the judgment, and not whether the note had been paid before judgment was rendered upon it. The evidence is clear and uncontradicted that the judgment plaintiffs never received any part of the amount due them, either before or after the rendition of the judgment.

The fourth reason, that the court gave charges to the jury asked for by the plaintiff, which were given over the objection of the defendants, seems not to involve any error. The fact that the charges were given over the objection of the defendants does not assert or imply that the charges were not according to law. Beside this, the motion for a new trial is too indefinite. This court has constantly held that the motion for a new trial must specify more certainly the particular charge or charges which are alleged to be incorrect in order to raise any question.

The jury found against the direct charges of the court, is

the fifth reason for a new trial. Perhaps this reason does not involve any other question than that the verdict is contrary to law, which we have already considered under the third ground specified in the motion.

The sixth reason, that the court permitted the plaintiff to give evidence not admissible under the issues, should have pointed out more particularly what evidence was thus improperly admitted.

. The next ground is, that the court refused to give the jury charges asked for by the defendant, which were the law. If these charges were the law, and applicable to the case, and had not been given to the jury in other charges, the court should have given them. But how shall we know what charges are intended? As there are a number of them in the record, the particular charges should have been designated. The bill of exceptions does not any more particularly specify the charges refused.

The overruling of the demurrer to the complaint was no reason for a new trial. It was not an error occurring during the trial.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and for further proceedings.

*J. W. Robinson*, for appellants.

*C. N. Pollard*, for appellee.