## WHITTEKER v. THE CHARLESTON GAS COMPANY.

### Decided May 4, 1880.

1. It is well settled, that where a *chose-in-action*, such as a bond, note, or accepted order on a third person, is transferred and delivered to a creditor.as collateral security for a debt, it is the right of the debtor to sue upon such *chose-in-action* at law, and, if necessary, to use the name of the legal owner of such *chose-in-action*.

2. Unless a power to sell is superadded to the agreement, whereby such *chose-in-action* is pledged as a collateral security, the creditor has no right to sell such *chose-in-action*, and he cannot come into a court of equity to ask the sale thereof.

3. City-script or orders are *choses-in-action*, which, if pledged as collateral security, must be collected by the creditor, if not returned by him, and cannot be sold by him, or by a chancery court at his instance.

Appeal from and *supersedeas* to two decrees of the circuit court of the county of Kanawha, rendered, one on the 11th day of January, 1878, and the other on the 28th day of May, 1878, in a chancery cause in said court then pending, wherein Henry T. Whitteker was plaintiff and The Charleston Gas Company was defendant, allowed on the petition of the said defendant.

Hon. J. Smith, judge of the seventh judicial circuit, rendered the decrees appealed from. ·

MOORE, JUDGE, furnishes the following statement of the case:

Henry T. Whitteker instituted a suit in chancery in the circuit court of Kanawha county, and filed his bill and exhibits at rules, October ——, 1876. The bill alleges the making and delivery of the following note, which it exhibits as a part of the bill, viz:

"500.00.            CHARLESTON, W. Va., May 29, 1875.

On the 1st February, 1876, we promise to pay to the order of Mrs. Margaret A. Whitteker, at the First National Bank of Charleston, five hundred dollars, value received, with interest at rate of 15 per cent. per annum.

                                    "CHARLESTON GAS Co.

                                    "By JOHN DRYDEN, TR."

It further alleges that the said M. A. Whitteker, afterwards, to wit, on the 29th day of May, 1875, transferred said note by endorsement thereon, and delivery thereof, to said plaintiff; that the said defendant at the time it so made and delivered to said M. A. Whitteker the said note, gave to her as collateral security for said note, one order of the common council of the city of Charleston, signed by H. D. McFarland, recorder, bearing date on the 9th day of February, 1875, numbered 662, drawn upon the treasurer of said city, requiring him to pay to The Charleston Gas Company, or order, the sum of $641.27, which said city-order was transferred to the said M. A. Whitteker, with the said note as security therefor, and was held by her as collateral security therefor, and was so transferred by her to plaintiff when said note was so transferred, and has been held by the plaintiff ever since as such collateral security. Said order is exhibited as a part of the bill. The bill then alleges non-payment of the note and its accrued interest, to M. A. Whitteker or plaintiff, and that it remains wholly due and unpaid; and that the said city-order has not, nor has any part thereof been paid, &c.; and prays the court to make an order directing the sale of the city-order to the highest bidder for cash, and that the proceeds of sale thereof may be applied to the payment of the note and interest, and that should the proceeds fail

to pay the cost of sale and suit, and the note and interest accrued thereon at the rate of fifteen per cent. per annum from the date of said note until paid, that a decree be made against said defendant for the unpaid part thereof, with like interest; and for general relief.

The defendant answered the bill admitting that the city-order had been given as collateral security for the payment of this note in the bill mentioned; that said note became due and payable on the 4th day of February, 1876, and that from the last mentioned date to the present time neither the plaintiff nor his transferee have made any effort to collect the payment of said city-order, and that by reason of these laches said note has been discharged and satisfied; and further, that the common council had made a special levy and appropriation for the payment of said order, and that a sale at public auction of the order, if the proceeds of sale are to be applied *pro tanto* to the payment of said note, would be a great sacrifice of respondent's interest; and further, that a sale at public auction of the order is not a proper remedy thereon; that the proper remedy on said order is an action at law to obtain a judgment thereon, and that the proper remedy on the judgment is a *mandamus* to the common council of the city of Charleston to obtain satisfaction of said judgment. The answer prays a decree that the note be given up to be cancelled.

The court on the 11th day of January, 1878, decreed, that the defendant pay to the plaintiff the sum of $696.75, with interest thereon at fifteen per cent. per annum until paid, from January 11, 1878, together with costs of the the suit, including $15.00, as allowed by statute; and further decreed, that unless said defendant paid to plaintiff the amount so decreed, within thirty days from the rising of the court, then that W. S. Laidley, a special commissioner appointed for the purpose, do sell said order to the highest bidder, at public auction at the front door of the court-house of Kanawha county, after giving notice, &c. Terms of sale, one fourth of purchase-money

in cash, residue in equal installments at three, six and nine months from day of sale, with interest from day of sale. The commissioner made sale of the order March 25, 1878, and reported, that pursuant to said decree he sold said order at public auction to complainant for $446.00, he being the highest bidder. Costs of sale $30.42, proceeds of sale $415.58. Amount of decree $696.75. Interest from January 11, 1878, to sale $21.77. Costs of suit $28.00. Total due complainant $746.52, from which deduct proceeds of sale $415.58, leaves $330.58 due March 25, 1878.

On the 28th of May, 1878, there being no objections thereto, the court ordered the report "to be filed, and the sale therein reported confirmed," &c., and taking the statement of said commissioner as correct, ordered the commissioner to deliver to the complainant said city order, and out of the proceeds of sale to pay off the taxed costs, and that complainant "have an execution of *fieri facias* for the said $330.58, with interest thereon from the 25th of March, 1878, as heretofore decreed." The defendant obtained an appeal from and *supersedeas* to both decrees.

*William A. Quarrier,* for appellant:

1. Even when defendant is a corporation, and the contract sued on carries fifteen per cent. interest and usury is not pleaded, a circuit court cannot decree the aggregated sum of principal and interest to bear fifteen per cent. after the rendition of the decree.

2. The holder of a chose in action as a collateral cannot file a bill to sell the chose. He must attempt to collect the chose, and if he fail in whole or in part, sue *at law* upon the original contract. *Nelson* v. *Willington,* 5 Bosw. 178; *Brookman* v. *Metcalf, Id.* 429.

3. The assignee of a chose in action, who takes it as a collateral, must use the same diligence as an absolute assignee. If he fails to do so, he is chargeable with the value of the chose, particularly if any loss occasioned to

the assignor by the negligence. *Roberts* v. *Thompson &*
*Clarke,* 14 Ohio St. 1; *Lawrence* v. *McCallmart et al.,* 2
How. 426; *Bowyer* v. *Rhinelander,* 3 Johns. Chy. 614;
*Foote* v. *Brown,* 2 McLean 369; *Russell* v. *Hester,* 10
Ala. 535; *Pickens* v. *Yarborough,* 26 Ala. 417; *Powell* v.
*Henry,* 27 Ala. 612; *Lee* v. *Baldwin,* 10 Ga. 208; *Slevin*
v. *Morrow,* 4 Ind. 425; *Noland* v. *Clarke,* 10 B. Mon.
239; *Hoffman* v. *Johnson,* 1 Bland 103; *Jennison* v.
*Parker,* 7 Mich. 355; *Steger* v. *Bush,* Smed. & M. (Miss.)
Chy. 172; *Wakeman* v. *Gowby,* 10 Bosw. 208; *Ward* v.
*Morgan,* 5 Sneed 79.

4. *Quære.* Does thirty-ninth section of article six of
the Constitution of West Virginia repeal section twenty-
two of chapter fifty-two of the Code?

*Laidley & Hogeman,* for appellee, relied on the follow-
ing authorities:

12 John. 146; 2 Story Eq. Jur. § 1033; 2 Kent Com.
(7th ed.) 142, 746; 1 Ves. 278; 11 Ia. 410; 2 How. 454;
Code, ch. 131, § 16; 14 W. Va. 747; 12 W. Va. 143;
29 Gratt. 1; Code, ch. 134, §§ 5, 6; 4 W. Va. 693.

MOORE, JUDGE, delivered the opinion of the Court:

Taking the view I do of this cause, it seems strange
that the defendant did not file a demurrer to complain-
ant's bill. But even without demurrer, the court, at the
hearing of the cause, should have dismissed the bill with
costs. The allegations of the bill setting up the contract
plainly indicate that complainant had a full, adequate
and complete remedy at law. As to the note, his rem-
edy was clearly at law. The object of the bill seems to
be for the purpose of inducing a court of chancery to
usurp law jurisdiction, by permitting the complainant to
dispose of the collateral by public auction, instead of tak-
ing the plain track prescribed by law for the collection
of such collaterals.

It is well settled, that when a *chose-in-action,* such as Syllabus 1.
a bond, note or accepted order, on a third person is

transferred and delivered to a creditor, as collateral security for the debt, it is the right of the debtor to sue upon such *chose-in-action* at law, and, if necessary, to use the name of the legal owner of such *chose-in-action;* and it is his duty to use reasonable care and diligence to make it available, and if by negligence, or wrongful act or omission on his part, loss is sustained on such *chose-in-action,* such loss should be borne by the creditor. *First National Bank of Wellsburg* v. *Campbell and Henry Kimberland, &c., supra,* page 555; also see *Wakeman et al.* v. *Gowby,* 10 Bosw. 208; *Roberts* v. *Thompson & Clarke,* 14 Ohio St. 1. The creditor in such case having a complete remedy at law cannot of course bring a suit in chancery to have such *chose-in-action* sold and the proceeds applied to the payment of his debt. The order given by the recorder of Charleston on the treasurer having been transferred to the plaintiff's assignor as collateral security for the note, by the defendant, it was the right as well as the duty of the plaintiff to proceed at law to enforce the payment of the order. Plaintiff had no right himself to sell it; such right of sale not being expressly included in the agreement by which the defendant transferred it, and without such express agreement no power of sale was conferred. *Nelson et al.* v. *Willington,* 5 Bosw. 178, and *Brookman et al.* v. *Metcalf,* 5 Bosw. 429. In the case of *First National Bank of Wellsburg* v. *Campbell and Henry Kimberland supra,* page 555, the order was given on a private corporation, but the same principles are applicable when the order is given on a municipal corporation. In either case if the creditor receives such order as collateral security for a debt, and it is accepted by the drawee, or is drawn, as in this case by an officer of the corporation, so as not to make an acceptance necessary to create a legal obligation on the corporation, the creditor must collect the order, and a court of equity has no jurisdiction to sell such order upon the application of the creditor.

The decrees of the circuit court appealed from must

be set aside, reversed and annulled, with costs in this court expended, and this court proceeding to render such decree as the circuit court should have done, doth adjudge that the said Henry T. Whitteker holds the order upon the treasurer of the city of Charleston as collateral security for the note assigned to him according to the contract of the parties, and not as purchaser; and the bill of the plaintiff must be dismissed, and the defendant must recover of the plaintiff his costs about its suit in the circuit court of Kanawha county expended.

THE OTHER JUDGES CONCURRED.

DECREES REVERSED.