# KENT COUNTY.

## CHARLES E. WHITIN *vs.* ELIZA D. PAUL, Executrix.

A. transferred to B., as collateral, certain promissory notes secured by mortgages. The notes bore interest payable half yearly, and the mortgages contained powers of sale if default was made in paying the interest when due, and also contained a provision that, in case of sale for non-payment of interest, the principal should be due and payable on the day of such sale. A. notified B. by letter that the power to collect the interest was wholly in B.'s hands; that B.'s duty was to collect the interest, if necessary, by sale, and credit A. with the collections, and that A. would hold B. responsible for any neglect. After B.'s death, A. wrote to B.'s executrix, who was also sole legatee and devisee, to the same effect.

Both B. and B.'s representative neglected to collect much of the interest and to enforce payment by sale. By the depreciation of property the mortgages became nearly valueless, and the mortgagors were irresponsible. It appearing that prompt sales would have realized enough to pay the collateral notes in full:

On a bill in equity to redeem, and for an account:

*Held,* that B.'s executrix was responsible for neglecting to collect the interest as it fell due.

*Held,* further, that A. was entitled to have his principal debt reduced by the amounts of interest falling due on the collateral notes, whether B. and B.'s representative had or had not collected such interest.

*Held,* further, that although B.'s executrix was responsible for the interest falling due on the collateral notes, she was not, in the circumstances, responsible for the principal of these notes.

*Held,* further, that the pledgee of a chose in action given as collateral is bound to use reasonable and ordinary diligence in realizing its value, but is not bound to exercise extraordinary care.

Hence the pledgee is bound neither to forecast the markets for the pledgor, nor to watch the markets for the most favorable opportunity to sell the pledge.

BILL IN EQUITY to redeem. On exceptions to a master's report.

*Providence, May* 29, 1880. DURFEE, C. J. This is a bill to redeem a mortgage which the defendant holds as executrix of the will of Sidney S. Paul, and to charge her for her own and her

testator's neglect to collect certain mortgage notes given in addition to said mortgage as collateral security for the mortgage debt. The case comes before us on exceptions to a master's report, which, in connection with the bill, answer, and exhibits, discloses the following facts, to wit: The complainant gave the mortgage to the defendant, then the wife of Sidney S. Paul, May 1, 1873, to secure his note for $9,000 payable to her or her order in five years with seven per cent. semi-annual interest, the right being reserved to pay the note or any part of it, not less than $100 at any one time, before maturity. The same day the note and mortgage were transferred by mesne assignment to Sidney S. Paul. At different times between May 1, 1873, and October 17, 1874, the complainant assigned to Sidney S. Paul twenty-one notes with mortgages securing them, as collateral to the $9,000 note, said notes amounting in the aggregate to $15,960, and being payable five years after date with interest at seven per cent. payable semi-annually. Each of the mortgages securing these notes contained a power of sale under which, in default of the payment of interest when due, the mortgagee, his executors, administrators, and assigns, were empowered to sell the mortgaged estate and receive the proceeds and apply them, after expenses paid, to the payment of the note, principal and interest, the mortgagor agreeing, in case of a sale for the non-payment of the semi-annual interest, that the principal should be due and payable on the day of such sale. Sidney S. Paul died October 17, 1874, leaving a will by which he gave all his property to the defendant, and appointed her his sole executrix. He held the notes and mortgages given as collateral until his death, since when the defendant has held them. Previous to May 1, 1878, the time when the principal note matured, the defendant or her testator had collected a considerable sum from the collateral notes which had been duly applied to reduce the principal note. The defendant and her testator, however, did not collect the instalments of interest on several of the notes, but have left them unpaid without resorting to the powers of sale contained in the mortgages to enforce their payment. The master finds that the omission to sell under the powers was negligence, aggravated by the fact that on December 31, 1873, the complainant wrote a letter to Sidney S. Paul in

which, speaking of the interest on the collateral notes, he used the following language, to wit: "The power to collect this interest has passed out of my hands into yours entirely. It is your duty to collect the same, and to credit me with the sums collected, applying the same to the payment of my interest, and the balance to the reduction of my mortgage. In case of the failure of any one to pay you the interest when due, it will become your duty to enforce the terms of the mortgage. For the performance of these duties I shall hold you responsible." The complainant also wrote the defendant to the same effect soon after the death of Sidney S. Paul, calling her attention to the letter quoted. The master finds that if the defendant or her testator had sold promptly on default, the proceeds would have been sufficient to pay the notes, principal and interest, and that, by subsequent depreciation, the mortgages have become substantially valueless. He finds her chargeable for the loss, and reports a heavy balance against her, stating, as an additional reason for his conclusion, that the mortgagors were for the most part pecuniarily irresponsible, and, on account of their dissatisfaction with the mortgagee, from whom they had purchased the mortgaged lots, indisposed to meet their obligations. The defendant excepts to the report especially because it finds it to have been her duty to sell under the mortgages, and because it holds her bound to make good all losses' which have resulted from her neglect to do so.

It is undoubtedly the law that the pledgee of a chose in action who receives it as collateral security is bound to use, not extraordinary care, as the master seems to have supposed, but ordinary or reasonable care and diligence to secure its payment when due. 1 Amer. Lead. Cas. 402, 403 ; *Lawrence* v. *McCalmont*, 2 How. U. S. 426 ; *Kiser* v. *Ruddick*, 8 Blackf. 382. The law implies on the part of the pledgee, from the nature of the transaction, an agreement to use such care to protect the pledgor's interest and make the pledge available. Accordingly, if the pledge consists of indorsed negotiable paper, the pledgee must present it for payment at maturity, and, if it is not paid, must give notice to charge the indorser, or, if loss ensues, he will be liable to make it good. 1 Amer. Lead. Cas. 123, 124 ; *McLughan* v. *Bovard*, 4 Watts, 308 ; *Ormsby* v. *Fortune*, 16 Serg. & R. 302. And there

are cases which go so far as to hold that the pledgee will be liable for neglecting to put the collateral in suit, when a prudent man would do it, if any loss results from the neglect. *Lamberton* v. *Windom*, 12 Minn. 232; *Wakeman* v. *Gowdy*, 10 Bosw. 208; *Slevin* v. *Morrow*, 4 Ind. 425; *Ex parte Mure*, 2 Cox, 63; *Williams* v. *Price*, 1 Sim. & Stu. 581; *Lyon* v. *Huntingdon Bank*, 12 Serg. & R. 61; *Hoard* v. *Garner*, 10 N. Y. 261; but see 1 Amer. Lead. Cas. 404. This being the law we do not see how the defendant can justify her neglect to collect the instalments of interest as they accrued, especially when we consider how cheap and expeditious a means she had of enforcing payment in the powers of sale contained in the mortgages. We have no hesitation, therefore, in holding that, having neglected to enforce the payment of the interest when she could so easily have done so, she must herself be held responsible for it.

The master, however, goes farther, and holds that she is responsible for principal as well as interest. He so holds on the supposition that the principal falls due as soon as the interest is in arrear. This is a mistake. The principal of the debt does not fall due before maturity until after sale under the mortgage securing it. The only neglect of which the defendant has been guilty is neglect to collect the interest. If she had collected the interest without selling, as cheaply and as speedily as she could have collected it by selling, the complainant would have no ground of complaint. So if she had credited the interest when it accrued on the note and mortgage which she held against the complainant, taking on herself the hazard of its subsequent collection, the complainant would have no ground of complaint. It is true she might, the interest being in arrear, have sold under the mortgages, and so made the principal payable, and, according to the testimony, it would have been greatly to the advantage of both herself and the complainant for her to have done so. But in our opinion it was not her duty to do so for any other purpose than to collect the interest, and therefore she is responsible only for the interest which was lost by her neglect. She had a right to suppose that the complainant was willing to let the principal run to its maturity, so long as the interest was paid or accounted for, the complainant having agreed to such a term of credit, the inter-

est being paid. For a like reason, she had a right to suppose that the complainant was satisfied with the sufficiency of the security, as security for the principal, and that, until the maturity of the notes, she was only bound to collect the interest, or to be responsible for it if not collected. It would be exacting too much of a pledgee with power to sell to hold that it is his duty to watch the market and take advantage of the most favorable opportunities for selling, or make good any loss resulting from not doing it. *Granite Bank* v. *Richardson*, 7 Met. 407; *Robinson* v. *Hurley*, 11 Iowa, 410; *Howard* v. *Brigham*, 98 Mass. 133; *O'Neill* v. *Whigham*, 87 Pa. St. 394; *Richardson* v. *Ins. Co. of Valley of Virginia*, 27 Grat. 749; *Clark* v. *Young*, 1 Cranch, 181. The only thing that creates any doubt in our mind upon this point is the letters above quoted or referred to. But those letters were written in regard to the collection of the interest; and though they state it to be the duty of the pledgee, if the interest is not paid, to " enforce the terms of the mortgages," they do not demand that they shall be enforced for any purpose other than the collection of the interest. If the complainant had wished to have the mortgages foreclosed by sale to avoid an impending collapse, he should at least have said as much. He could not reasonably expect the pledgee to forecast the future for him. Our conclusion is that he can only require the defendant to credit the unpaid interest as it accrued, and thereupon, after the satisfaction of the principal note, return the collaterals which she holds, together with any moneys which, the account being reconstructed, may stand to the complainant's credit. *Ormsby* v. *Fortune*, 16 Serg. & R. 302; *Trotter* v. *Crockett*, 2 Port. 401.

Two other exceptions were taken, but we do not think they show any error in the report which can affect our decision. The case will be recommitted to the master for the correction of the report as suggested, unless the parties can make the correction themselves.

*Benjamin F. Thurston & George B. Barrows*, for complainant.
*Charles Hart & Edwin Metcalf*, for respondent.