MARGARETHE SIEMERS v. ALBERT SIEMERS.[1]

June 10, 1896.

Nos. 9857—(122).

## Contract—Expression of Consideration—Statute of Frauds.

The reasonable clearness with which the consideration for an agreement, promise, or undertaking in writing must appear, when the consideration is not expressly stated, in order to satisfy the statute of frauds (G. S. 1894, § 4209), cannot be made to depend on what may be conjectured from what has been written.

[1] Reported in 67 N. W. 802.

Same.

> *Held*, that the consideration for the purported agreement on which this action was based, such consideration not being expressly stated, does not appear with reasonable clearness.

Appeal by defendant from an order of the district court for Brown county, Webber, J., denying a motion for a new trial. Reversed.

*Somerville & Olsen*, for appellant.

*John Lind* and *C. A. Hagberg*, for respondent.

COLLINS, J. The parties to this action are husband and wife, having been married July 20, 1894. About July 6 he wrote, in German, signed, and delivered to her a purported agreement, which she has lost; but, as testified to on the trial, it read as follows: "I, the undersigned, herewith promise to pay to the Widow Margarethe Gruenenfelder, on the wedding day when she shall become my wife, the sum of $1,000." The parties separated soon after the marriage, and, alleging in her complaint that the writing was executed and delivered in consideration of her promise to marry defendant, the plaintiff brought this action to recover the amount claimed to be due. She had a verdict, and defendant appeals from an order denying his motion for a new trial.

The only question we find it necessary to discuss lies at the threshold of the right of action, and is whether the consideration for the agreement, promise, or undertaking was sufficiently expressed in the agreement. The statutory provision is imperative in this state, and no action can be maintained on the writing before us unless it has been complied with. G. S. 1894, § 4209. It is not required that what the consideration was shall be expressly stated, but upon what consideration the promise or undertaking was given must appear with reasonable clearness. There was no express statement of the consideration, and, if it appears at all, it must be gathered from the clause, "On the wedding day when she shall become my wife." And counsel for plaintiff concede that it can only be found in this clause by construing it as if written, "On the wedding day, 'if' she shall become my wife." The position is that, with this construction, the consideration would appear with reasonable clearness and would evidently be plaintiff's promise to marry, and her marriage to defend-

ant. We are not prepared to say that this would not be correct if the clause had been written as counsel ask to have it construed. But it was not, for the word "when" was used, instead of the word "if." Upon its face this clause simply fixes the time when the payment shall be made. To be sure, the time would have been fixed with sufficient certainty, had the words "on the wedding day" been used, and nothing further, or had the only expression been "when she becomes my wife." But it does not follow, because both phrases were written, that we should depart from the language used, by substituting one word for another, thus forcing a construction as to what was intended by the promisor. The reasonable clearness with which the consideration for the agreement must appear, when not expressly stated, cannot be made to depend upon what may be conjectured from that which has been written. The order must be reversed, and a new trial granted.

Order reversed.

START, C. J. I dissent. The agreement in question is evidently a homemade one, reduced to writing without the assistance or advice of counsel. It is therefore to be interpreted from the standpoint of the plain, unlettered parties to it, not from that of a technical lawyer. So construing the contract, it appears with reasonable clearness that the consideration for the defendant's promise to pay the plaintiff $1,000 was the marriage of the parties. It must not be assumed that the contract is tautological in its terms, if effect can be given to all of the words used, by any fair construction. It is not a forced or unreasonable construction to hold that the words of the contract "on the wedding day" refer to the time of payment, and the further words "when she shall become my wife" to the condition or consideration of the promise to pay the thousand dollars.

This is manifestly the intention of the parties, as disclosed by the words which they used. Where such is the clear intention of the party using it, the word "when'" is construed as the equivalent of "if" in a will or contract. It appears from the record that the parties are Germans, and that their conversation relating to their marriage was carried on in the German language; that the contract was in that language, and seems to have been translated into English by a German. Such being the case, it is probable that the fact, if

it be one, that in the German language the word corresponding to the English word "when" is frequently used in the sense of "if" explains the use of the word "when" instead of "if" in this contract. But, this aside, I am of the opinion that it appears on the face of the contract that the parties used the word "when" as a word of condition, and in the sense of "if." If any other construction is adopted, no effect can be given to the words "when she shall become my wife."

BUCK, J. I concur in the foregoing views of the CHIEF JUSTICE.