TWOHY MERCANTILE COMPANY, Respondent, vs. RYAN DRUG
COMPANY, Appellant.

*October 16 — November 4, 1896.*

*Guaranty: Consideration: Extension of time: Statute of frauds.*

1. An extension of time by one creditor does not constitute a consideration moving or beneficial to another, such as will support a guaranty of the former's claim by the latter.

2. An agreement guaranteeing the payment of another person's debt, which does not, in writing signed by the party to be charged therewith, express the consideration, is void under the statute of frauds (sec. 2307, R. S.). *Dyer v. Gibson*, 16 Wis. 557. distinguished.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

On the 28th day of January, 1892, John W. Lundale, being indebted to plaintiff, and also to defendant, gave to the latter, to secure the payment of its claim, a chattel mortgage on his stock of goods. The business was transacted on the part of defendant by J. E. Phalen, as its agent. After the mortgage was given and filed, Phalen called on plaintiff, and verbally guaranteed that, if it would forbear commencing proceedings which it was about to take to enforce collection of its claim, the defendant would protect plaintiff up to the amount of $169.91. Plaintiff agreed to so forbear, and thereafter wrote defendant, stating that Phalen had guaranteed the claim, but not stating upon what consideration, and requested that Phalen's action in making such guaranty be confirmed. Defendant replied by letter, agreeing to protect plaintiff for the amount Lundale was owing to it, $169.91, but did not state the consideration for such agreement, or that there was any consideration. This action was brought on such guaranty. A special verdict was rendered to the effect that Phalen, about August 3, 1892, promised to pay plaintiff its claim against Lundale in con-

sideration of plaintiff's refraining from taking any proceedings against Lundale for the collection of such claim. Thereupon the defendant moved the court, among other things, for judgment, for the reason that the alleged contract of guaranty was void under the statute of frauds. The motion was overruled. Defendant also moved that the court set aside the verdict, and for a new trial. Judgment was thereupon rendered for plaintiff, and defendant appealed.

For the appellant there was a brief by *Pealer, Titus & Lemmon,* and oral argument by *A. C. Titus.* To the point that the resulting advantage to the promisor must be the ·object of the promise, and the mere fact that an advantage may incidentally result to him from his oral promise to pay the debt of another is not sufficient to take it out of the statute of frauds, they cited *Clapp v. Webb,* 52 Wis. 638; *Hoile v. Bailey,* 58 id. 450; *Weisel v. Spence,* 59 id. 304; *Willard v. Bosshard,* 68 id. 454; *Hooker v. Russell,* 67 id. 257; *Bray v. Parcher,* 80 id. 16.

For the respondent there was a brief by *Ross, Dwyer & Hanitch,* and oral argument by *W. D. Dwyer.* They contended that the consideration of defendant's promise was the refraining from doing some act for the benefit of such defendant. It made a new contract between the promisor ·and promisee which need not be in writing. *Dyer v. Gibson,* 16 Wis. 558; *Young v. French,* 35 id. 111, 118; *Hewett v. Currier,* 63 id. 392; *Mallory v. Gillett,* 21 N. Y. 415.

MARSHALL, J. Sec. 2307, R. S., provides that every ·agreement to answer for the debt, default or miscarriage of another person shall be void, unless such agreement, or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith. It hardly needs discussion to show that the agreement sued on comes within this statute. The allegations of the complaint are to the effect that defendant, for

a valuable consideration, in writing, guaranteed the payment of respondent's claim against Lundale. We understand counsel claims that it is not essential to such a contract of guaranty that the consideration to support it be expressed in writing, and that reliance is placed on *Dyer v. Gibson,* 16 Wis. 557. It was there decided that a promise for a new and sufficient consideration, moving from the creditor to the promisor, and beneficial to the latter, is not within the statute of frauds; that such a promise in writing, though not expressing a consideration, if there is a consideration to support it in fact, is not void, and that the existence of such consideration may be shown by evidence *aliunde;* but this is not such a case. There is no evidence in the record to show that any consideration moved from respondent to appellant, and beneficial to the latter. If the forbearance agreed upon referred to the commencement of proceedings involving the validity of appellant's mortgage, there is no evidence to show it — none whatever. So far as the evidence goes, it was an agreement merely to give Lundale further time to pay his indebtedness. That, of itself, constituted no consideration moving to or beneficial to the appellant.

It follows from the foregoing that the agreement sued on was within the statute, because there was no new consideration moving from the promisee to the promisor, and beneficial to the latter; and that it is void under such statute, because not in writing, *expressing* the consideration, and *subscribed* by the party to be charged therewith; hence that appellant's motion for judgment on the verdict and the undisputed facts should have been granted.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded with directions to render judgment for the defendant.