## ALASKA SIBERIAN NAV. CO. v. POLET.

Second Division.   Nome.   January 9, 1926.

No. 2994.

**1. Frauds, Statute of ⬿108(3)—Promise in Writing to Answer for the Debt of Another.**

Defendant promised in writing that, if one Moore did not pay a debt then due to the plaintiff by a stipulated time, he would do so. Suit was brought on the writing, and, on demurrer, *held*, that the consideration for the memorandum sued on is not expressed, and that the alleged promise is void under the statute of frauds, requiring that a promise to answer for the debt or default of another must be evidenced by a note or memorandum thereof expressing the consideration.

**2. Frauds, Statute of ⬿108(3)—Consideration for New Promise Must be Expressed.**

Where the defendant gave the plaintiff a writing promising to pay the debt of another, and no consideration was expressed in that writing, on suit against defendant on his promise, *held*, the consideration in the original contract is not the consideration contemplated by the statute: there is no consideration for defendant's promise, which was wholly collateral to and noncontemporaneous with the contract creating the debt for which Moore was, in the first instance, liable.

**3. Frauds, Statute of ⬿33(1)—Contract—Promise in Writing to Answer for the Debt of Another.**

A new consideration of benefit to defendant or of detriment to plaintiff is required to take the promise out of the statute of frauds and to make the promise original.

**4. Corporations ⬿657(4)—Evidence ⬿82—Suit by Foreign Corporation without Compliance with the Statute Requiring the Payment of Tax and Filing Articles of Incorporation, etc.**

A foreign corporation brought suit in the district court, without alleging its compliance with the Alaska statute requiring it to file its articles of incorporation, etc., in the office of the secretary of the territory, etc. *Held*, the court may take judicial notice of this want of averment, and such failure renders contracts made with residents of the territory, in the territory, void, and that no court of the territory shall enforce the same in favor of the corporation.

This action was brought to recover the sum of $2,000 on a promise to answer for the debt or default of another, the note or memorandum of which promise, in writing, was set out in the complaint as Exhibit A and in words and figures as follows:

---

⬿See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Exhibit A.

"A. Polet, Wholesale and Retail Grocer.

"Nome, Alaska, Oct. 27, 1923.

"Mr. R. A. Carrol, Agent Alaska Siberian Nav. Co., Nome, Alaska—Dear Sir and Friend: Confirming our conversation in repassage for Mr. A. H. Moore and his party, I will say that I have been assured by Mr. Moore that about ten days after his arrival in Los Angeles he will be able to meet his balance of $2,000 cash payment due you now here at Nome, but unable to raise that amount here; he should also be able to meet the other balance due you on the transportation.

"Should Mr. Moore fail to pay you the cash balance of $2,000 in the stipulated time, and you are satisfied that a few days longer will not alter the case, you will please notify me, and in a short time I will remit by first outgoing mail the amount of $2,000 cash payment due you.

"Hoping you will use your best endeavors to receive payment of the above, and that you will use the same amount of public spirit that I am using in doing this, and wishing you a pleasant voyage and a speedy return in the spring, I am your friend,

"Antonio Polet."

The complaint, after alleging the incorporation of plaintiff in California and that it was, in October, 1923, engaged in interstate commerce, alleges that A. H. Moore "and party," mentioned in the memorandum, were given transportation on the steamship Buford, operated by plaintiff from Nome, Alaska, to the states, "upon the agreed terms and conditions between plaintiff and defendant that, in the event of the inability or failure of said Moore to pay the sum of two thousand dollars for the transportation,  *  *  *  the defendant would pay said sum *  *  *  on behalf of said Moore"; that defendant made and subscribed the memorandum, Exhibit A, in pursuance of said agreement, "expressing the consideration, to wit, two thousand dollars"; that Moore failed to pay; that defendant was notified of such failure to pay; and that he has failed, refused, and neglected to pay unto plaintiff said $2,000, or any part thereof—and a prayer for judgment follows.

To this complaint the defendant interposes a demurrer on five different grounds, two of which alone need be considered, to wit, "want of legal capacity to sue" and that "the complaint does not contain facts sufficient to constitute a cause of action."

Hugh O'Neill, of Nome, for plaintiff.
G. A. Adams, of Nome, for defendant.

LOMEN, District Judge. For the purpose of our opinion and decision, it would be sufficient to call attention to the fact that the consideration for the note or memorandum sued on is *not expressed,* and that the alleged promise is therefore void under the statute of frauds, requiring that a promise to answer for the debt or default of another must be evidenced by a note or memorandum thereof "expressing the consideration." Section 1876, Compiled Laws of Alaska.

The complaint, by a species of duplicity, seeks to make the consideration for the contract of carriage also the consideration for defendant's promise; but this is not the consideration contemplated by the statute, and none other is "expressed." There is no consideration for defendant's promise, which was wholly collateral to and noncontemporaneous with the contract creating *the debt* for which Moore was, in the first instance, liable. To him was extended the credit. And the "debt" was not discharged by the promise of defendant. A new consideration of benefit to defendant or of detriment to plaintiff was required, to take the promise out of the statute and to make the promise original. Being collateral, the consideration, if any, should have been expressed in the note or memorandum. The $2,000 was mentioned as the "balance" of a "debt" already due. What the consideration was does not clearly appear. The plaintiff has sought to rectify the omission by allegations in the complaint. This cannot be done. "The reasonable clearness with which the consideration for the agreement must appear, when not expressly stated, cannot be made to depend upon what would be conjectured from that which has been written." Siemers v. Siemers, 65 Minn. 106, 67 N. W. 803, 60 Am. St. Rep. 431.

In Page on Contracts, par. 703, it is said:

"A memorandum of a contract is insufficient, because the consideration is not expressed with sufficient clearness, where it appears by an agreement that A, the holder of a chattel mortgage given by C, to pay C's debt to B if B would forbear suit, Twohy Mercantile Co. v. Drug Co., 94 Wis. 319, 68 N. W. 963; and so, also, an agreement by A to pay so much of C's note to B as is unpaid on a certain day, though the agreement is dated the same day as the note, and recites that the note is given in satisfaction of a mortgage executed by C to B, Lindsay v. McRae, 116 Ala. 542, 22 So. 868."

The note or memorandum does not on its face run to the plaintiff, and no assignment of the same is alleged in the com-

plaint. It was addressed to "Mr. R. A. Carrol, Agent Alaska Siberian Nav. Co.; Nome, Alaska." He was addressed as "Dear Sir and Friend." He was addressed in the second person as "you," and was wished "a pleasant voyage and safe return." His designation as "Agent Alaska Siberian Nav. Co." was clearly a descriptio personæ, and did not connect the plaintiff with the promise. It does not even appear that the debt referred to was a debt due to said company. It might easily have been a debt due to Mr. Carrol, who secured the transportation; whether individually and personally, or as agent on a del credere commission, or otherwise, does not appear.

It has been held that the note or memorandum to take the defendant's promise out of the statute referred to must contain the necessary elements of the promise and must contain the mutual terms of the contract. "It must show who are the contracting parties, intelligently identify the subject-matter involved, express the consideration, be signed by the party to be charged, and disclose the terms and conditions of the agreement." Catterlin v. Bush, 39 Or. 496, 59 P. 706, 65 P. 1064. And it was held in said case that "no evidence of such agreement will be received, other than the writing, or secondary evidence of same," in a proper case.

There is also some doubt in the mind of the court as to whether a promise by defendant, under the circumstances shown, "to remit," is a promise to pay.

The complaint is clearly drawn upon the theory that defendant's liability, if any, is collateral, and not original. On this theory it cannot stand. The demurrer is sustained.

In the event that plaintiff should elect to "plead over," the court suggests, without deciding that the plaintiff will be confronted with the fact (of which, under our statutes, we may well take judicial notice), not only that plaintiff has not alleged the payment of any "incorporation tax" (section 6, c. 22, Laws of 1921), but has entirely failed to comply with the statutes in regard to filing its articles of incorporation, and that such failure renders "all contracts made by such corporation or company with residents of the territory of Alaska, made in the territory," void. Section 660, Compiled Laws of Alaska 1913, as amended by chapter 32, Laws of 1923. The statute so amended further provides:

"And no court of the territory shall enforce the same in favor of the corporation."

Presumptively these statutes are valid. When our attention is called to the allegation of 'the complaint that plaintiff was doing an interstate business, and "hence the statutes referred to did not apply to such corporation," we observe that the statutes were enacted by Congress and its "agent," the territorial Legislature, and that it is not necessary, at this time and under the present issues, to 'pass upon the interesting questions thus presented.

The demurrer is sustained, upon the grounds previously stated.